## Joe Lane and Wife v. Charles Kuehn.

### No. 2371.   Decided June 10, 1914.

**Judgment—Res Adjudicata.**

The wife, claiming former community land by deed of gift from her insolvent husband, sued for and recovered it from a purchaser under execution sale upon his judgment against the husband for a community debt, such judgment being held void because of its failure to dispose of all the parties. Afterwards such creditors recovered a valid judgment on the same debt, obtained a lien on the property by its registration, and sued for and obtained against the wife a decree for foreclosure of same on a finding that her husband's conveyance to her was fraudulent, and over her plea of a former recovery of the land against him as an adjudication of the issues in this suit. Held, that such former judgment did not affect plaintiff's rights as a creditor, and that he was entitled to a foreclosure of his lien on the later and valid judgment. (Pp. 440, 441.)

Error to the Court of Civil Appeals, Sixth District, in an appeal from Clay County.

Kuehn sued Lane and wife to foreclose a judgment lien on land and recovered. Defendants appealed, and on affirmance obtained writ of error.

*W. T. Allen,* for plaintiff in error, cited: Herman v. Allen, 128 S. W., 115; Flippen v. Dixon, 85 Texas, 421; Nichols v. Dibrell, 61 Texas, 539; Chilson v. Reeves, 29 Texas, 281; Murphy v. Wallace, 3 Texas App. C. C., sec. 432; Rutherford v. Carr, 99 Texas, 104.

*Taylor, Jones & Humphrey,* for defendant in error, cited: Moore v. Snowball, 98 Texas, 16; Philliposki v. Spencer, 63 Texas, 608; Pishaway v. Runnells, 71 Texas, 354; Cameron v. Hinton, 92 Texas, 492.

Mr. Chief Justice BROWN delivered the opinion of the court.

The Court of Civil Appeals found and stated the following facts:

"Lot 18, block 2, in Oil City, Clay County, belonged to the community estate between Frank Kuehn and Pearl Kuehn, his wife. Frank Kuehn was insolvent, and among the debts he was unable to pay was one due to appellee. Under these circumstances Frank Kuehn gave to his wife and by a deed conveyed to her the lot mentioned. Afterwards appellee brought suit on the debt referred to, and recovered a judgment against Frank Kuehn. By virtue of an execution issued on this judgment the lot was sold, and appellee and P. L. Kuehn were the purchasers at the execution sale. Afterwards Pearl Kuehn, then Pearl Lane, she having

been divorced from her former husband, Frank Kuehn, and having married appellant, Joe Lane, brought a suit against Frank Kuehn, appellee, and P. L. Kuehn to try the title to the lot. Her petition was in the form ordinarily used in an action of trespass to try title. Frank Kuehn answered her suit disclaiming title. Appellee and P. L. Kuehn answered it by a plea of not guilty. On the trial Mrs. Lane for title relied on the deed of gift to her from her former husband. Appellee and P. L. Kuehn offered evidence showing the deed of gift to be fraudulent and void as to Charles Kuehn, the plaintiff in the judgment under which they claimed, and relied upon that judgment and their deed from the sheriff as proof of title in them. The court held the judgment to be void, "because it did not properly dispose of the parties" to the suit in which it was rendered, and thereupon rendered a judgment in favor of appellant Pearl Lane. "Said judgment," it is recited in the statement of facts, "did not save or except from its adjudication any of the issues made in said cause, but declared in general terms that the said plaintiff (Pearl Lane) recover of and from said defendants the title and possession" of the lot. Afterwards appellee recovered a valid judgment against Frank Kuehn on said debt, and had an abstract thereof registered as provided by law so as to create a valid lien on all real estate owned by said Frank Kuehn in Clay County. Claiming that the deed of gift from Frank Kuehn to his wife was void as to him, and therefore that the lien of his judgment attached to the lot as property belonging to Frank Kuehn, Charles Kuehn by a suit against Frank Kuehn, Pearl Lane and her then husband, Joe Lane, sought a foreclosure of the lien he asserted. Frank Kuehn, it seems, did not answer the petition in this suit. Pearl Lane and her husband answered by a general denial, and set up the judgment rendered in favor of Pearl Lane in her suit against Frank Kuehn, appellee, and P. L. Kuehn as a bar to the relief appellee sought. This appeal is from a judgment in favor of appellee foreclosing the lien he claimed as prayed for and directing a sale of the lot in satisfaction of his judgment against Frank Kuehn."

Assuming, as seems to be admitted, that the first judgment recovered by defendant in error against Frank Kuehn for the debt was void, the judgment of the District Court in the suit of Charles Kuehn against Pearl Lane and husband was correct, but it conferred no title on Pearl Lane, nor did it affect the right of Charles Kuehn to establish his debt by a subsequent valid judgment. The void judgment did not affect the rights of the parties accruing under a subsequent judgment for the debt. The judgment of the District Court here pleaded barred a recovery by Charles Kuehn under his purchase at a sale made under the void judgment, but did not adjudicate and bar his right under a valid judgment upon the same debt, nor did said judgment relieve the conveyance from Frank Kuehn, the debtor, to his wife, Pearl Kuehn, of its infirmity as a fraudulent conveyance.

The judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*