### SIKES v. LINDALE INDEPENDENT CONSOLIDATED SCHOOL DIST. NO. 72.

#### No. 4940.

Court of Civil Appeals of Texas. Texarkana.

March 5, 1936.

Gentry & Gray and Nat Gentry, Jr., all of Tyler, and D. B. Chapin, of Longview, for appellant.

J. A. Mallory, of Lindale, for appellee.

JOHNSON, Chief Justice.

On November 16, 1912, the appellant, E. Sikes, conveyed one acre of land located in Smith county, Tex., to the county school trustees of Smith county and their successors in office. The conveyance in form is a general warranty deed. It further contains the following recital: "This conveyance is made to said County School Trustees for the use and benefit of Stewart Common School District No. 59, for public free school purposes, and when same ceases to be used for public free school purposes the title thereto shall revert to me or my legal representative."

A school building was erected upon the land at the time or soon after the execution of the deed. Public free school was maintained in the building each term from the date of the execution of the deed to and including the school term of 1931–1932. On April 12, 1932, by an election held for the purpose, the Stewart common school district and the Lindale independent school district, both of Smith county, consolidated. The name of the consolidated district so formed is the Lindale independent consolidated school district No. 72. Soon after the consolidation of the two districts mentioned, and before the beginning of the next school term, appellant, E. Sikes, set up claim to the land and school building thereon located, and moved his tenant into the schoolhouse. The property has since been continuously occupied by the tenants of E. Sikes.

This suit was filed in action of trespass to try title by the Lindale independent consolidated school district No. 72, to recover the property from appellant, Sikes. The case was tried to the court without the aid of a jury. Judgment was rendered in favor of appellee, the Lindale independent consolidated school district No. 72. From an order of the court overruling his motion for a new trial, E. Sikes has appealed.

It is the contention of appellant that, upon consolidation of the two school districts mentioned, the land and building in question ceased to be used for school purposes and reverted to him under the conditions of the deed above recited. As to whether or not the land and building had ceased to be used for school purposes was a question of fact, which was by the trial court found against appellant. The evidence amply supports the finding and judgment of the trial court. It would be an unreasonable construction of the deed to say that it intended to require the continuous holding of school each day in the building. There is a distinction between a temporary suspension of the use of the building and cessation of it for school purposes. Daggett v. City of Ft. Worth (Tex.Civ.App.) 177 S.W. 222.

Appellant further contends, in substance, that the trial court erred in rendering judgment in favor of the Lindale independent consolidated school district No. 72 for the reason that it appears from the deed that the legal title to the land was in the county school trustees. The deed conveys the title to the county school trustees of Smith county, but, as shown from the terms, above recited, of the deed, the title was so conveyed to them as trustees and for the "use and benefit" of the Stewart common school district No. 59. By this conveyance the common school district became the beneficiary and holder of the superior equitable title to the land, which title passed to the Lindale independent consolidated school district No. 72, under the law, and by virtue of the consolidation of the Stewart common school district and the said Lindale independent school district. It is a well-settled principle of law in this state that the holder of the superior equitable title may prevail in an action of trespass to try title. "Trespass to try title to land in Texas may be maintained as well upon an equitable as upon a legal title." Encyclopedic Digest of Texas Reports (Civil Cases) vol. 16, p. 608, and authorities there cited; Texas and Southwestern Digest, Trespass to Try Title, ▮▮▮

Finding no error in the record, judgment of the trial court is respectfully affirmed.