OLIVE-STERNENBERG LUMBER COMPANY V. W. D. GORDAN.

No. 7809. Decided February 18, 1942.
Rehearing overruled March 18, 1942.
(159 S. W., 2d Series, 845.)

460

*R. M. Briggs,* of Silsbee and *Geo. E. Holland,* of Beaumont, for plaintiff in error.

Under the evidence submitted in the case, the plea of twenty-five years of limitation should have been submitted to the jury. Adams v. Brown, 113 S. W. (2d) 310; Roth v. Schroeter, 129 S. W. 203.

Plaintiff by his conduct in dealing with the lands in question and the defendant's purchase thereof, as shown by the evidence, is estopped in equity from asserting title to the land sued for. Weatherly v. Jackson, 46 S. W. (2d) 1030; 17 Tex. Jur. 136; Brady v. Garrett, 66 S. W. (2d) 502.

*James F. Parker,* of Kountze, for defendant in error.

The plaintiff, Gordon, purchased from Watson and Parker while the suit of Gallup was pending against them and having recovered the land involved in such suit for Watson and Parker, the judgment inured to the benefit of Gordon. Smith v. Olsen, 92 Texas 183; Threadgill v. Bickerstaff, 87 Texas 520, 29 S. W. 757.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

W. D. Gordon filed this suit in trespass to try title against Olive-Sternenberg Lumber Company to recover 160 acres of

land and for damages for timber alleged to have been cut therefrom. The 160 acres sought to be recovered is a part of 640 acres in Hardin County conveyed to the lumber company on November 25, 1909. Defendant pleaded not guilty, estoppel and stale demand, and the four, five and twenty-five year statutes of limitation. Upon conclusion of the testimony both plaintiff and defendant filed motions for an instructed verdict. Plaintiff's motion was granted awarding him recovery of the one-fourth of the 640 acres but denying him damages for timber alleged to have been cut from the tract by defendant. Upon appeal the judgment was affirmed. 143 S. W. (2d) 694.

On November 30, 1908, W. H. Watson and W. S. Parker claimed ownership of the 640 acre survey of land in question. At that time suit was pending against them in the United States Circuit Court at Beaumont filed by David L. Gallup to recover the entire section of land. On that date Watson and Parker entered into a contract with Gordon whereby Gordon, in consideration of professional services to be rendered by him in defending the title to the land in suit and "in all other suits which may be instituted by the said David L. Gallup, his heirs and assigns," agreed to defend the title to the land. The contract contains the recital that for such consideration Watson and Parker "have granted, sold and conveyed and by these presents do grant, sell and convey unto the said W. D. Gordon, his heirs and assigns" an undivided interest of 160 acres of the land, describing it; and that upon compliance by Gordon with the terms of the contract Watson and Parker *"shall and will execute to him a good and sufficient deed to said 160 acres of said land and shall account to him for all lumber which shall be hereafter removed by them."* Gordon agreeing to serve them as attorney as aforesaid "until the said litigation now pending by said Gallup shall have been settled, & *all other litigation which may arise by or through the said Gallup, his heirs or assigns."* (Italics ours). The foregoing excerpts are the material provisions of the contract (set out in full in the opinion of the Court of Civil Appeals).

Mr. Gordon, as the attorney for Watson and Parker, settled the Gallup suit by compromise upon terms that Watson and Parker have judgment *for the 640 acres of land* on payment to Gallup of $1,500.00. It was necessary for Watson and Parker to sell the land in order to procure the $1,500.00 to pay Gallup. Terms of sale were agreed upon with the lumber company for

a sale of it through W. C. Brackin for $7,000.00. The company paid Watson and Parker through Mr. Gordon, their attorney, the $1,500.00, which in turn was paid to Gallup. Thereupon, after the settlement agreed upon had been made, Watson and Parker, on November 15, 1909, conveyed the 640 acres to W. J. Brackin, who in turn, on November 25, 1909, conveyed it to the lumber company on payment by the company of $5,500.00, the remainder of the purchase price of the land. On the following day judgment was entered awarding Watson and Parker the entire 640 acres of land.

■ Gordon was as much bound by the judgment as if he had been a party to the suit. Miller v. Dyess, 137 Texas 135, 151 S. W. (2d) 186, 137 A. L. R. 578. It is probable the case could be determined upon this holding but it is not necessary to place the decision upon this ground alone. Under the facts before us the case is controlled by the doctrine of laches and stale demand invoked by the company. Callahan v. Giles, Com'r Gen. Land Office, et al, 137 Texas 571, 155 S. W. (2d) 793; Collier v. Caraway (wr. ref.), 140 S. W. (2d) 910; Turner et al v. Hunt, 131 Texas 492, 116 S. W. (2d) 688, 117 A. L. R. 1066; Dull v. Blum, 68 Texas 299, 4 S. W. 489. Watson and Parker upon consummation of the sale to the company, paid Gordon about $1,200.00. Whether it was paid him as a fee for his services in effecting the compromise, or for his pro rata of the value of the land, or the timber thereon, is, in the view we take of the case, unimportant. The company upon receiving the deed became possessed of the land and has been in such possession ever since, constructing tram roads upon it, cutting the timber from it, rendering and paying taxes thereon, and exercising such other prerogatives of ownership as are necessary to its use and enjoyment. It is undisputed that the company has had exclusive dominion and control of the land since receiving the deed to it in November, 1909; and that Mr. Gordon prior to the filing of this suit in April, 1938, practically thirty years later, had made no claim to the land or sought to exercise any control over it. He had not, before filing suit, questioned the judgment he caused to be entered vesting title in Watson and Parker, or their deed conveying the land to the company. He offered no reason for not having paid taxes on the land or for not exercising some act of dominion over it during the thirty years, other than to say it must have been one of those things that passed from his mind after he considered the transaction ended, since he had no recollection concerning it "except having gone over these papers in the last year or

two"; nor did he offer any excuse for not having procured or requested a deed from Watson and Parker or sought a partition.

■ It appears from what we have stated that we are not in accord with the view of the Court of Civil Appeals that the instrument setting forth the contract of employment upon which Gordon seeks to predicate title, is "an absolute, present conveyance, in the nature of a deed with vendor's lien reserved," or that it "should be construed as being in the nature of a bond for title with the consideration fully paid." Such is not the instrument sued upon. We recognize that a bond for title with the consideration fully paid may constitute an equitable title such as will support an action in trespass to try title. We do not question the holding of the cases cited by the Court of Civil Appeals that so hold. The instrument sued upon is not a present conveyance under the record before us. Dull v. Blum, supra; Lipscomb v. Fuqua, 103 Texas 585, 131 S. W. 1061; Snow v. Prince (Com. App.), 13 S. W. (2d) 342. It must be construed as a whole and not by considering only one of its provisions to the neglect of others. The clauses relating to Gordon's promise to render service in "all other litigation which may arise" and to the promise of Watson and Parker upon compliance by Gordon with the terms of the contract to "execute to him a good and sufficient deed" to the land, are equally as important in ascertaining the meaning of the instrument as the clause reciting a present conveyance.

The undisputed facts adduced upon the trial sustain as a matter of law the company's plea of stale demand. As stated by Justice Sharp in Callahan v. Giles, (supra), " 'the maxim that equity aids the diligent and not those who slumber on their rights' is a fundamental principle of equity jurisprudence, resulting in a rule of practice which has made the defense of laches just as complete a bar to the assertion of an equitable right as the defense of limitation is a bar to the assertion of a legal right." The case quoted from is one which involves the issuance of a mandamus, but the equitable grounds upon which it was sought are available under the equitable plea of stale demand in the present case, or even under its plea of "not guilty." Montgomery v. Noyes, 73 Texas 203, 11 S. W. 138.

We hold that the plaintiff in error lumber company's motion for an instructed verdict rather than defendant in error's,

should have been granted and judgment rendered thereon denying relief to defendant in error Gordon; and that the Court of Civil Appeals erred in affirming the judgment predicated on an instructed verdict in his favor. It is therefore unnecessary to discuss the assignments complaining of the holding of the Court of Civil Appeals upon the questions of estoppel and limitation.

The judgment of the Court of Civil Appeals affirming that of the trial court is reversed and judgment is here rendered in favor of plaintiff in error for all relief sought and denying relief to all other parties herein.

Opinion adopted by the Supreme Court February 18, 1942.

Rehearing overruled March 18, 1942.