KIRBY et al. v. HOUSTON OIL CO. OF TEXAS et al.

No. 4668.

Court of Civil Appeals of Texas, Beaumont.

April 26, 1951.

Rehearing Denied June 27, 1951.

J. R. Beck, E. E. Easterling, Beaumont, for appellants.

Blades, Kennerly, Fisher & Whitworth, Houston, B. F. Whitworth, Houston, of counsel for appellees.

COE, Chief Justice.

On September 28, 1944, the appellants brought suit against the appellees to recover the mineral estate in and to a certain 19 acre tract of land, a part of the George W. Brooks League in Hardin County, Texas, and being a part of the W. S. Frazier 80 acre tract out of said league, being the same mineral estate involved herein, and to recover for the value of oil produced from said mineral estate from the Houston Oil Company of Texas and American Republics Corporation, who are the appellees here. Said cause was numbered 8294 and styled Mary Wall Kirby et al. v. Houston Oil Company et al., on the docket of the district court of Hardin County. The defendants in the trial court, who are appellees here, in addition to their plea of not guilty, plead improvements in good faith. On May 14, 1945, the trial court severed the issues of title from the other issues raised by the pleadings and proceeded to try the issue of title first. At the conclusion of that trial, the trial court instructed a verdict in favor of the defendants, who are the appellees here, and entered judgment in favor of the appellees for the title and possession of the mineral estate in and to the 19 acres of land involved in this present suit. The appellants here appealed from that judgment to this court. By an opinion published in 200 S.W. 2d 246 this court affirmed the judgment of the trial court in said cause No. 8294. Writ of error was refused by the Supreme Court of Texas and certiorari was denied by the Supreme Court of the United States, 332 U.S. 772, 68 S.Ct. 86, 152, 92 L.Ed. 357. That portion of the cause of action asserted by the parties in the original cause No. 8294, which was severed from the issue of title, was carried on the docket of the trial court under the same style and carried the No. 8294-A. Thereafter appellants filed in Cause No. 8294-A their first amended original petition which recites at length facts upon which plaintiffs base their right of action, further alleging that by reason of the matters and facts herebefore set out, each and all of the defendants herein have held and still hold such title as is apparent of record in them to the lands in controversy in trust for these plaintiffs (appellants here). The defendants who are the appellees here, in addition to pleading not guilty and other matters as a defense, plead the judgment in Cause No. 8294 as res judicata of the issue of title to the mineral estate herein involved, and as a bar to the prosecution of Cause No. 8294-A and as estoppel by judgment, estopping appellants herein from further prosecuting this cause against appellees and from asserting a claim of title to said mineral estate. Upon motion of appellees the trial court severed the issue of res judicata and estoppel by judgment from all other issues raised by the pleadings and at the conclusion of the hearing on this issue, entered its judgment sustaining appellees' plea of res judicata and estoppel by judgment, and entered judgment that the appellants take nothing as against the appellees. The appellees made additional parties defendant in their amended

pleadings in Cause No. 8294–A, but no service was ever had upon such parties. The trial court found that such parties were not necessary parties and dismissed the cause as to them without prejudice. It is from this judgment that the appellants have perfected their appeal.

While the appellants have brought forth some 14 Points of Error in their brief, we feel that the disposition of their 4th point is controlling in the disposition of this cause. This point is as follows: "The error of the Trial Court in sustaining defendants' plea of res judicata and rendering judgment that the judgment of this court rendered and entered on May 22, 1946, in Case No. 8294 is res judicata of the cause of action asserted by plaintiffs in this Cause No. 8294–A and plaintiffs herein are estopped by said judgment to further prosecute this cause against defendants Houston Oil Company of Texas and American Republics Corporation and are further estopped to assert a claim to title to the oil, gas and mineral estate in and to the above described land and premises by virtue of the facts set forth in this Cause No. 8294–A and that plaintiffs take and recover nothing as against defendants Houston Oil Company of Texas and American Republics Corporation by this suit and that said defendants go hence without day and recover of and from said plaintiffs all costs in this cause incurred."

The appellees answered the appellants' 4th Point by their counter-point which reads as follows: "The cause of action asserted by plaintiffs in this suit No. 8294–A, being one that could have been adjudicated, and, in fact, one that was adjudicated, in the trial of Cause No. 8294, the judgment in Cause No. 8294 is res judicata of the cause of action asserted in this suit and the trial court properly sustained defendants' plea of res judicata and estoppel by judgment and correctly entered judgment that plaintiffs take nothing." It is conceded by all parties as is reflected by appellants' pleadings that in Cause No. 8294 the appellants sued the appellees for the recovery of the identical mineral estate as is involved in the present suit, and further conceded that such suit was decided against the appellants; that the judgment in Cause No. 8294 decreed that the plaintiffs, who are the appellants here, take nothing as against defendants, who are the appellees here, with respect to said mineral estate and that defendants (appellants) on their cross-action recover of and from plaintiffs (appellees) title to and possession of said mineral estate. Article 7391, R.C. S., of Texas provides that: "Any final judgment rendered in any action for the recovery of real estate shall be conclusive as to the title or right of possession established in such action upon the party against whom it is recovered, and upon all persons claiming from, through or under such party, by title arising after the commencement of such action." Our Supreme Court in the case of Permian Oil Company v. Smith et al., 129 Tex. 413, 73 S.W.2d 490, 107 S.W.2d 564, 569, 111 A.L.R. 1152, in construing the above article of the statutes, referred to the opinion of Justice Gaines in French v. Olive, 67 Tex. 400, 3 S.W. 568, and stated the following rule: "* * * That when the plaintiff failed for any reason, whether it be due to conflict with a senior survey, outstanding title in a third party, or other lack of title in himself, the judgment left the defendant in possession of the premises; and that such possession imported title; and that title was thereby established in the defendant." It is the contention of the appellants that the relief sought by them in Cause No. 8294–A is purely equitable relief and therefore not such relief as could have been granted in Cause No. 8294 which was limited to the question of title and therefore the judgment in the trespass to try title suit is not res judicata or estoppel by judgment against these appellants in the prosecution of this suit. In support of their contention the appellants cite many cases, including Viduarri v. Bruni, Tex.Civ.App., 154 S.W.2d 498, 501; Wilkins v. Abercrombie, Tex.Civ.App., 162 S.W.2d 445; Binford v. Snyder, 144 Tex. 134, 189 S.W.2d 471, [8] 474; Federal Life Ins. v. Martin, Tex. Civ.App., 157 S.W.2d 149 at page 152; Olive-Sternenberg Lumber Co. v. Gordon, 138 Tex. 459, 159 S.W.2d 845, [4–6]; Pegues v. Moss, Tex.Civ.App., 140 S.W.

2d 461, [11] 471; Lane v. Kuehn, Tex. Civ.App., 141 S.W. 363, Id., 106 Tex. 440, 167 S.W. 804; Deaton v. Rush, 113 Tex. 176, 252 S.W. 1025, 1031; Groesbeck v. Crow, 91 Tex. 74, 40 S.W. 1028; Moore v. Snowball, 98 Tex. 16, 81 S.W. 5, 66 L. R.A. 745.

As we view this record the question here to be determined is whether the appellants by their pleadings asserted an equitable right as distinguished from title, or whether the pleadings as a whole reflect that they are seeking to recover in this suit on an equitable title to the mineral estate involved. In passing upon this question we feel that it is advisable to set out a portion of plaintiffs' amended petition which we believe to be the basis of their claim. We quote paragraph two of appellants' amended petition:

"Prior to September 26, 1899, there was pending in the District Court of Hardin County, Cause No. 570 entitled W. S. Frazier v. Texas Pineland Association et al., in which suit plaintiff sought recovery against the defendant of title with writ of possession to a particularly described 160 acres of land, a part of the George W. Brooks League in said Hardin County, and in which plaintiffs pleaded as ground of recovery the 10 year statute of limitation.

"At said time, J. L. Kirby, who resided in Hardin County was the local agent and representative of said Texas Pineland Association, and that such citation in said cause against the defendant was served by the sheriff in said cause on September 12, 1896, and upon which said service the defendant had appeared and answered in said cause.

"Prior to September 26, 1899, the plaintiff, W. S. Frazier and the defendant, Texas Pineland Association, acting through its legal representative duly authorized made an agreed settlement of said pending suit, which agreement was fully ratified by the defendant, and acted upon and by the terms of which plaintiff would not appear further in said cause to prosecute the same, but would make default in the further prosecution of said suit, and defendant would try said cause in his absence and take judgment against him in full for the 160 acre tract in controversy in said suit divesting plaintiff, Frazier, of all title thereto, and fully vesting such title in the defendant, Texas Pineland Association, and after said proceedings had been held and completed, said defendant, Texas Pineland Association, would obtain proper field notes for and prepare, execute and deliver to be presented to and approved by J. C. Caraway or his father, Thomas Caraway for the said W. S. Frazier, plaintiff, a proper conveyance in legal form vesting in him, the said W. S. Frazier, a full and perfect title in and to the southern 80 acres being the South half of said described 160 acre tract.

"Acting upon said agreement, plaintiff Frazier, carried out his part of said agreement and acting thereon defendant, Texas Pineland Association, proceeded on September 26, 1899, to try said cause showing to the Court that plaintiff, did not appear further to prosecute said cause, and offered no evidence and after offering evidence in behalf of the defendant, obtained from the court final judgment for said entire 160 acres of land with the obligation upon the part of said Texas Pineland Association to later make due and valid conveyance to the said W. S. Frazier of the South half of said 160 acres.

"The defendants in this cause are in possession, or should have in their possession, said contract of settlement above referred to, and they are hereby notified to produce the same on the trial of this cause, and upon their failure so to do, plaintiffs will offer secondary evidence of the contents of the same."

■ In disposing of the plea of res judicata and estoppel by judgment, the trial court had to assume that these allegations were true. According to these allegations nothing remained to be done by Frazier, plaintiffs' grantor, to entitle him to receive from Texas Pineland Association a deed vesting in him full fee simple title, including the mineral estate to the 80 acres of land, of which the 19 acre tract in controversy is a part. According to the allegations, Frazier was to receive a deed to the 80 acres, including the minerals, when he

performed the obligations imposed upon him by the alleged agreement. And according to the allegations he performed such obligations when he permitted Texas Pineland Association to take judgment against him in Cause No. 570. Thus, his part of the contract was executed. His equitable right under the terms of the agreement to acquire title to the 80 acres of land was thus transformed into an equitable title to said 80 acres of land. See Johnson et al. v. Wood, 138 Tex. 106, 157 S.W.2d 146. That a party may recover on a showing of equitable title in a statutory trespass to try title suit seems to be well settled in this state. See, also, Gilmore v. O'Neil, 107 Tex. 18, 173 S.W. 203; McBride v. Loomis, Tex.Com.App., 212 S.W. 840; Tanton v. State Nat. Bank, Tex.Civ.App., 43 S.W. 2d 957, affirmed 125 Tex. 16, 79 S.W.2d 833, 97 A.L.R. 1093; Anderson v. Gazaway, Tex.Civ.App., 80 S.W.2d 481; Sikes v. Lindale Ind. School Dist., Tex.Civ.App., 93 S.W.2d 193; Biggs v. Poling, Tex.Civ. App., 134 S.W.2d 801 (Er. Dis); Olive-Sternenberg Lumber Co. v. Gordon, Tex. Civ.App., 143 S.W.2d 694 and Id., 138 Tex. 459, 159 S.W.2d 845; Old Nat'l Life Ins. Co. v. Jerusalem Lodge, Tex.Civ.App., 192 S.W.2d 921 (Er. Ref. N. R. E.).

■ This question was before this court in the case of Southern Lumber Company et al. v. Kirby Lumber Corporation, Tex. Civ.App., 181 S.W.2d 859 (writ refused). There we held that it was not necessary to plead the facts that would show an equitable title before the party claiming the same could recover the land. We are unable to agree with appellants that it was first necessary for them to set aside or remove the cloud cast upon the title by the deed from Houston Oil Company to W. S. Frazier, conveying the 80 acre tract but reserving all of the minerals before they could recover on the alleged agreement. The most that could be said

is that in conveying the surface and reserving the minerals, a part of the agreement was satisfied. In other words, a part performance of the agreement was made by this conveyance, leaving unperformed that portion of the agreement which obligated them to convey the mineral estate and we are unable to see how a part performance would militate against appellants' title to the whole. This being true it necessarily follows that, assuming the allegations in appellants' petition to be true, they were the owners of the equitable title to the mineral estate at the date of institution of Cause No. 8294, and having failed to establish such title and the judgment in that cause having divested out of them and vested in the appellees, all of the mineral estate here involved, such judgment is res judicata of the cause of action here asserted by appellants and they are estopped by that judgment from asserting title thereto. Freeman v. McAninch et al., 87 Tex. 132, 27 S.W. 97; Hall et al. v. Miller et ux., Tex.Civ.App., 147 S.W.2d 266; Rodriguez et al. v. Vallejo, Tex.Civ.App., 157 S.W.2d 172; Snyder et al. v. Citizens State Bank et al., Tex.Civ. App., 184 S.W.2d 684; Binford et al. v. Snyder et al., 144 Tex. 134, 189 S.W.2d 471; King v. Hill, 138 Tex. 187, 157 S.W.2d 881; Austin et al. v. Austin et al., 143 Tex. 29, 182 S.W.2d 355; Pegues et al. v. Moss et al., Tex.Civ.App., 140 S.W.2d 461.

The other points raised by appellants complain of procedural matters and to the findings and conclusions of the trial court. We have considered each of these points and we are of the opinion that neither of them present error, and since we have overruled appellants' 4th point we feel it unnecessary to go into a discussion of the other matters. For these reasons the judgment of the trial court is affirmed.