R. F. ROBERTS, Appellant,

v.

W. B. FRASER et al., Appellees.

No. 6806.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 3, 1966.

James M. Crane, Conroe, for appellant.

W. C. McClain, Conroe, Vinson, Elkins, Weems & Searls, Houston, for appellees.

STEPHENSON, Justice.

This is an action in trespass to try title tried before the court and in which judgment was rendered for defendants. The parties will be referred to here as they were in the trial court.

Plaintiff's first point of error is that the trial court erred in finding and holding that plaintiff did not prove common source of title between himself and defendants. This was the second conclusion of law as found by the trial court.

Plaintiff offered in evidence: A deed from Mrs. Emily J. McManus acting for herself and as executrix of F. E. McManus, and J. Lobit to J. B. Hale. A deed from the heirs of J. B. Hale to plaintiff. Then in an attempt to show common source of title plaintiff offered in evidence: A deed from Joseph Lobit, Emily J. McManus, Helen Gonzales Marcoulides, Theo D. Marcoulides and Mary T. Gonzales to Thomas S. Foster and then connected the defendants with Thomas S. Foster.

It is elementary that the burden of proof is upon the plaintiff to establish a superior title in himself. This he may do by showing title from the sovereignty into himself, or a limitation title, or a common source of title. The plaintiff has failed to accomplish any of these three. No attempt was made to connect plaintiff's title to the sovereignty nor to show a limitation title. Plaintiff relied solely upon a record title from a common source. In order to show a common source of title plaintiff must show a chain of title into defendants and himself emanating from the

same common source. The plaintiff in this case failed to show his title also came from Helen Gonzales Marcoulides, Theo Marcoulides and Mary Gonzales. These were three of the grantors in the deed which was the source of defendants' title. The Supreme Court of Texas has settled this question in Southern Pine Lumber Co. v. Hart, 161 Tex. 357, 340 S.W.2d 775. The Supreme Court gave this simple illustration as to how proof of common source must be complied with:

"Reduced to its simplest terms, a deed from X to A does not prove a common source from X, Y and Z to B."

Because of this fatal error made by plaintiff in his attempt to prove title, it is unnecessary for us to pass upon the other points of error.

Affirmed.