**Ione PERKINS et al., Appellants,**

v.

**Frank SMITH, Appellee.**

**No. 578.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 2, 1972.

Rehearing Denied Feb. 23, 1972.

Herman D. Voorhees, Houston, for appellants.

W. T. Bennett, Jack Haney, Huntsville, for appellee.

BARRON, Justice.

This is a trespass to try title suit. The action was originally instituted by Frank Smith in the District Court of Walker County, Texas against Ione Perkins, et al., heirs and devisees of Dan and Easter Perkins, for partition of more than 200 acres of land in Jose Ortega upper two league grant in Walker County. Smith, in seeking partition, asserted a claim of an undivided one-third (⅓) interest in the above lands and premises constituting the subject matter of this suit. Ione Perkins and the remaining heirs and devisees of Dan and Easter Perkins denied Smith's claim of title and sought affirmative relief against Smith in trespass to try title, contending that Smith had no title to the property. In said cross-petition Ione Perkins, et al. sought full fee simple title to the land involved; sought to remove cloud from their alleged title; alternatively sought title under the 3, 5, 10 and 25 year statutes of limitations; alleged that the deeds under which Smith claimed title were intended as mortgages for small sums of money; that said deeds were obtained by fraud and "tortious wrongful actions"; that the deeds were void for failure of consideration; that the deeds were void for want of proper descriptions of the property in-

volved; that Smith was estopped to claim an interest in the involved land because of stale demand and laches and in failing to act prudently and timely in the exercise of his right as owner thereof; and other matters.

The deeds under which Smith claims an undivided interest in the involved land are from Dan Perkins, Jr., dated March 24, 1937; Estella Hightower and husband Ben Hightower, dated June 14, 1937; I. Dee Perkins, dated September 3, 1936; and Addie Perkins Jackson and husband Plese Jackson, dated December 17, 1936. The deeds were each to Dr. Sam P. Beeson as grantee and were recorded shortly after their executions. Dan and Easter Perkins were the parents of twelve children, some of the children and their heirs being defendants and cross-plaintiffs here and all constituting the heirs and devisees of Dan and Easter Perkins. Four of the children gave deeds to Dr. Beeson, whose executor properly conveyed the property to Smith Land and Cattle Company, a corporation, in the year 1948. When such corporation was dissolved in 1951, Smith and his two sisters were the sole stockholders, and his two sisters conveyed the above property to him in addition to other properties to which he was apparently entitled as a stockholder of the dissolved corporation. The latter deed was placed of record in Walker County in 1966.

Dan and Easter Perkins, husband and wife, both deceased prior to trial, are the common source of title. Dan Perkins died intestate prior to the death of his wife, and Easter Perkins died testate on or about October 9, 1935. Her will was duly probated in Walker County, Texas on or about November 11, 1935. By her will, Easter Perkins specifically devised 51 acres of land to four of her children, which did not include the four grantors above involved in this litigation. The remainder of Easter's property was devised equally to her above-mentioned twelve children in equal portions.

Three of the deeds to Dr. Beeson were described substantially as follows:

" . . . all that certain tract or parcel of land and being all of my undivided interest in and to the estate of Dan and Easter Perkins, deceased, said land being situated on the Jose Ortega 2 league grant in Walker County, Texas, near Kitrell, Texas, and known as the old Perkins Homestead."

However, the deed to Dr. Beeson from I. Dee Perkins described his property as:

" . . . all that certain entire undivided interest in and to the Estate of Easter Perkins, which I inherited by virtue of being one of the twelve heirs of Easter Perkins, Deceased, and which said interest was demised to me under the will of Easter Perkins, which said will is of record in Walker County, Texas, the land herein conveyed being in the Jose Ortega Upper 2 League Grant in Walker County, Texas."

Trial was to a jury, and based upon the verdict thereof the trial court rendered judgment severing the partition suit from the action in trespass to try title and awarding the cross-defendant, Smith an undivided one-third (⅓) interest in the lands and premises involved in this action. Motion for judgment non obstante veredicto was filed by Ione Perkins, et al., and the trial court overruled such motion. Appeal has been perfected by Ione Perkins, et al. The parties will be designated as Ione Perkins, et al., plaintiffs, and Frank Smith, defendant.

The trial court submitted three special issues to the jury. The first inquired whether the instrument signed by Estella Hightower (a child of Dan and Easter Perkins) and her husband to Dr. Sam P. Beeson was intended as a receipt and security for a debt only. The jury answered "We do not." The second special issue inquired whether Ione Perkins, et al or persons in privity with them held exclusive, peaceable, and adverse possession of the

land involved, cultivating, using or enjoying the same to the open, visible and notorious exclusion and repudiation of Frank Smith, his predecessors in privy, for any period of ten consecutive years or longer prior to November 11, 1968. The jury answered "We do not." The third special issue, conditioned upon an affirmative answer to issue number 2, inquiring whether plaintiffs had repudiated Smith's title as tenants in common, was not answered.

On this appeal, the plaintiffs contend that there was no evidence to support the judgment of the trial court and that the ten and twenty-five year statutes of limitation were proven as a matter of law; that the trial court erred in failing to submit special issues concerning stale demand and laches; that plaintiffs were entitled to the property involved because defendant was not diligent in asserting title as against plaintiffs; that the trial court erred in failing to grant plaintiffs' motion for an instructed verdict and for judgment non obstante veredicto; that the court erred in refusing to submit plaintiffs' requested special issues numbers 5–13 inclusive; and the court erred because the documentary evidence does not support or add up to a one-third interest in the total lands of Dan and Easter Perkins, deceased, under Smith's claims.

▮ We note that all of plaintiffs' points of error with the possible exception of the final point mentioned above (Seventh Point) are multifarious and too general to direct our attention to any particular error relied upon by plaintiffs. For instance, the Sixth Point complains that the trial court erred in refusing to submit special issues Nos. 5, 6, 7, 8, 9, 10, 11, 12, and 13 to the jury. Such requested special issues deal with different parties and various subjects. Other points are defective for similar reasons. See Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960); Missouri-Kansas-Texas Railroad Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931, 941 (1956); Rule 418, Texas Rules of Civil Procedure. However, from plaintiffs' arguments in their brief, we believe that we can determine what plaintiffs intend to rely upon, and we have decided to consider each point brought forward under the circumstances of this particular case. Rule 422, Tex.R.Civ.P.; cf. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 482 (1943).

▮ Issues being joined on the trespass to try title action filed by the plaintiffs, the burden of proof is upon the initiator of the action, to-wit: Ione Perkins et al. to establish superior title in themselves. Texas Co. v. Lee, 138 Tex. 167, 157 S.W.2d 628, 630 (1941); Roberts v. Fraser, 399 S.W.2d 211 (Tex.Civ.App.—Beaumont 1966, writ dism'd). And plaintiffs must recover on the strength of their own title and not on the weakness of their adversary's title. This burden can be sustained upon the making of a prima facie case by proving a regular chain of conveyances from the sovereignty, proving superior title out of a common source, proving title by limitations, or proving prior possession and that such possession has not been abandoned. See Mize v. Wood County, 460 S.W.2d 152, 154 (Tex.Civ.App.—Tyler 1970, no writ).

▮ At the outset, we hold that laches and stale demands do not apply in this action of trespass to try title. Dr. Beeson was the family doctor of the Perkins family, and the testimony shows that he was a man of integrity, ability and compassion toward the children of Dan and Easter Perkins. After the four conveyances to him, Dr. Beeson died, and his executor conveyed the involved property to the above named corporation in 1948, and when the affairs of the corporation were wound up, defendant received as grantee a conveyance of the land and premises. Smith testified that he visited and checked over the property in 1948, and that the corporation paid a valuable consideration for it. Smith stated that two of the Perkins heirs were then living on the property, Boyd Perkins

and another heir of Dan and Easter Perkins. Boyd Perkins was in charge of the property. Smith again went on the land in 1952 or 1953 and talked with Boyd Perkins. Defendant testified that because he was getting older, he decided to partition the land.

The defendant, Smith, is claiming under four deeds properly executed and acknowledged, which were each recorded a short time after execution. Legal, as distinguished from equitable, title as here in issue, and the theory of laches and stale demands does not apply. Cagle v. Sabine Valley Timber & Lumber Co., 109 Tex. 178, 202 S.W. 942, 943 (1918); Cox v. Piwonka, 257 S.W.2d 955, 958 (Tex.Civ.App. —Galveston 1953, writ dism'd). Abandonment, an affirmative defense, was not pleaded or relied upon by plaintiffs, even if we could say that such an issue was raised. Rule 94, Tex.R.Civ.P.; San Jacinto Sand Co. v. Southwestern Bell Tel. Co., 426 S.W.2d 338, 344 (Tex.Civ.App.—Houston (14th Dist.) 1968, writ ref'd n. r. e.). And see 1 Tex.Jur.2d Abandonment, Sec. 5, p. 5 (1959). Cases such as Olive-Sternenberg Lumber Co. v. Gordon, 138 Tex. 459, 159 S.W.2d 845 (Tex.Com.App.1942, opinion adopted), involving equity and equitable title, do not here apply. And see Callahan v. Giles, 137 Tex. 571, 155 S.W.2d 793, 795–796 (1941); 56 Tex.Jur.2d Trespass to Try Title, Sec. 40 (1964).

■ Plaintiffs further contend that the land descriptions in each deed from four of the children of Dan and Easter Perkins were insufficient in law and are therefore void. The essentials of the descriptions have been quoted above. Words of description are generally given a liberal construction in order that the conveyance may be upheld. A reasonable certainty is all that is required. Williams v. Kirby Lumber Corporation, 355 S.W.2d 761, 763, 765 (Tex.Civ.App.—Beaumont 1962, writ ref'd n. r. e.). And see Gates v. Asher, 154 Tex. 538, 280 S.W.2d 247, 248 (1955). The descriptions set out in the four deeds are very similar to that recited in Smith v.

Westall, 76 Tex. 509, 13 S.W. 540 (1890), which description in that case was held to be sufficient. We overrule plaintiffs' contention. See Texas Consolidated Oils v. Bartels, 270 S.W.2d 708, 711 (Tex.Civ.App. —Eastland 1954, writ ref'd).

■ Plaintiffs pleaded and sought to show that the deeds in question were intended to be mortgages or instruments of security for small personal loans extended by Dr. Beeson to the four grantors. The testimony barely supports such contention concerning only the deed executed by Estella Hightower and husband. There is no evidence whatsoever to support such a contention as to the deeds of the remaining three children of Dan and Easter Perkins. The trial court carefully submitted said issue to the jury concerning the Hightower deed, and the jury resolved such issue of fact against the plaintiff or plaintiffs.

■ Regarding the points of error as to the trial court's refusal to submit special issues numbers 5–13, such issues are not raised by the evidence, are legal conclusions, or are multifarious and not in proper form. They inquire whether the descriptions in the deeds above are incomplete, inadequate, vague and ambiguous, a legal question; whether Smith or his predecessors were bona fide purchasers of the interests in the land involved, an immaterial issue; and, in effect, whether the remaining three grantors of interests to Dr. Beeson intended such deeds to be mortgages or receipts and security for debts. The trial court's refusal of said issues was proper, and no error was here committed.

■ As above stated, the trial court submitted to the jury special issue number 2 concerning the ten-year statute of limitations, and the jury resolved the issue in favor of the defendant, Smith. There is evidence that the four plaintiff-grantors moved off the land after conveyance and returned only occasionally, if at all. There is evidence of continued possession of the undivided property by other members of

the family at various times, taxes paid by some of the plaintiffs, and timber cut by plaintiffs occasionally to raise some of the tax money. There is no evidence of a specific claim of adverse possession made by any party against Smith or against anyone else. The evidence as a whole is entirely and legally insufficient to show any repudiation of the titles of the other tenants, including defendant, by any one or more tenants in common. See Todd v. Bruner, 365 S.W.2d 155 (Tex.Sup.1963). Concerning the four grantors of Dr. Beeson, they having executed deeds in proper form duly acknowledged and recorded conveying their interests in the land in controversy to Dr. Beeson, said plaintiffs, as grantors, were under the burden to show that thereafter their use and occupation of the land was inconsistent with, and hostile to, the claims of the grantee, and their continued possession, if any, is subservient to the title held by Dr. Beeson and his grantees. See Kidd v. Young, 144 Tex. 322, 190 S.W.2d 65 (1945); Sweeten v. Park, 154 Tex. 266, 276 S.W.2d 794 (1955). Regardless, however, of repudiation by one or a group of tenants in common of the title of another tenant in common, the trial court did submit the issue of the ten-year statute of limitations to the jury, and such special issue was answered in favor of defendant, Smith. The ten-year statute was clearly not shown to have existed as a matter of law; facts were testified to, if at all, by interested witnesses; and in no event can these facts show more than an issue of fact to be determined by a jury. Epps v. Finehout, 189 S.W.2d 631, 632 (Tex.Civ.App.—San Antonio 1945; writ ref'd w. o. m.). And see Greene v. White, 137 Tex. 361, 153 S.W.2d 575, 578–579 (1941).

■ Furthermore, in regard to the twenty-five-year statute of limitations, if such was applicable, the same was waived for failure to request a special issue there-

on. See Craft v. Hahn, 246 S.W.2d 897, 898 (Tex.Civ.App.—Eastland 1952, writ ref'd n. r. e.).

■ We believe there is merit in plaintiffs' Seventh Point of Error, their final point, which asserts that the recovery by defendant Smith of an undivided one-third interest in all of the property involved is error. It will be recalled that the community property of Dan and Easter Perkins, deceased, on the death of Dan Perkins intestate, passed by descent and distribution to each of the twelve children so far as Dan Perkins' one-half (½) interest is concerned. However, the property of Easter Perkins, being a one-half interest, passed under her will to the twelve children, less approximately 51 acres which she specifically devised to others. It will be further recalled that the deed from I. Dee Perkins to Dr. Beeson conveyed none of his inheritance from his father, Dan Perkins, but conveyed only his inheritance from his mother, Easter Perkins. The judgment of the trial court is consequently reformed to award Frank Smith an undivided one-fourth interest in the community one-half formerly belonging to Dan Perkins, deceased, which omits I. Dee Perkins' interest in his father's estate, plus an undivided one-third interest in the estate of Easter Perkins, deceased, less the approximately 51 acres which she devised to other persons, as a proper survey of the lands will show. As so reformed, the judgment of the trial court will be affirmed.

■ We have examined each and every contention otherwise made in this case, and we overrule each of them. The judgment is not so against the weight and preponderance of the evidence as to be clearly wrong and unjust, and the evidence is amply sufficient to support the judgment.

The judgment of the trial court is reformed, and as reformed it is affirmed.