**PARKER SQUARE STATE BANK,**
Appellant,

v.

**Mary Elizabeth HUTTASH, Appellee.**

No. 17327.

Court of Civil Appeals of Texas,
Fort Worth.

June 30, 1972.

Rehearing Denied Sept. 15, 1972.

Nelson, Montgomery & Robertson, and David Tate, Wichita Falls, for appellant.

Prothro & Sellers, and Lee Sellers, Wichita Falls, for appellee.

OPINION

BREWSTER, Justice.

This case was tried on an agreed statement of facts pursuant to Rule 263, Texas Rules of Civil Procedure.

The suit was brought by Parker Square State Bank against Mrs. Huttash seeking to subject the proceeds of five life insurance policies, in which she was named beneficiary, to the payment of a note that Harry Huttash, the insured in said policies and the husband of defendant, had, during his lifetime, executed payable to the Bank. Judgment was rendered against the Bank and it has appealed.

We affirm that judgment.

The agreed facts were: Harry Huttash and the defendant, Mary Elizabeth Huttash, married on October 28, 1939, and remained married until Mr. Huttash died on May 22, 1971. Harry Huttash had taken out all five of these policies at times when he was solvent, between 1956 and 1959, and each of the five policies named him as owner, insured his life, and named his wife, the defendant here, as beneficiary, provided she survived the insured (the designation of beneficiary in such policies was not an irrevocable designation); all premiums on these policies were paid with community funds and each policy had some cash surrender value at the time Mr. Huttash died; Mr. Huttash left no will and Mrs. Huttash qualified as administratrix of his estate in Wichita County on June 14, 1971; the Huttashes were residents of Texas; the proceeds of the five insurance policies were in excess of $40,000; all proceeds were paid by the insurance companies to Mrs. Huttash in a lump sum in June, 1971; if the cash surrender values of the five policies is not considered, then the Huttash community estate owed more debts than it had assets, both immediately before and immediately after Mr. Huttash's death; if the proceeds of the life insurance policies are not considered, then the Harry Huttash estate was insolvent, immediately after his death and is still insolvent.

The agreed facts relating to the note here sued on were: on April 27, 1971, Harry Huttash executed and delivered to plaintiff Bank the note for $26,279.75 and which note was given the Bank in renewal and extension of a debt owed the Bank by Huttash for money advanced to him by the Bank between April, 1968, and September, 1970; the bank is the owner of this note and it was unpaid at the time Huttash died; shortly before execution and delivery of the note Huttash orally agreed with the Bank's loan officer that he would bring in and assign life insurance policies as collateral for payment of the loan in an amount sufficient to cover the debt owed

the Bank, but Huttash did not do so before he died; Huttash did not identify any of the five policies in question as ones that he would assign.

It was further agreed that the Bank had filed its claim for this debt with the Probate Court in the Estate of Harry Huttash, deceased, and that the claim has been approved, but that no part of the debt has been paid in the probate proceedings.

The Bank's first three points of error urged on this appeal are that the trial court erred in failing to render the money judgment that it requested because: (1) the proceeds of the insurance policies were the community property of the Huttashes, and not the separate property of Mrs. Huttash; (2) the proceeds of the policies constitute community property of the type that is subject to the payment of the Bank's debt; and (3) these insurance proceeds are not exempt property so as to be exempt from use for the satisfaction of the Bank's debt. We overrule these three points.

■ It is established law in Texas that where a husband takes out a life insurance policy insuring his own life and has his wife named therein as beneficiary and where the premiums are paid for with community funds, then the proceeds of such policy received by the wife on the husband's death are her separate property. See "Community Property Laws as Applied to Life Insurance," by W. O. Huie, 17 T.L.R. 121 at p. 123 and the cases therein cited, and Johnson v. Cole, 258 S. W. 850 (Fort Worth, Tex.Civ.App., 1924, no writ hist.).

Mr. Huie says in his article, supra, at page 124, the following: "By making the policy payable to the wife, the cases usually reason, the husband has manifested an intent to make a gift to her of the proceeds. In all community property states a gift to a spouse is separate property."

Article 23, Vernon's Ann.Civ.St., was amended in 1957 to include the following definition: "1. 'Property' includes real and

personal property, *and life insurance policies and the effects thereof."* (Emphasis ours.)

This amendment did not result in changing the rule of law that is above referred to as is contended for by appellant.

In Brown v. Lee, 371 S.W.2d 694 (Tex. Sup., 1963), which was decided after the amendment went into effect, that Court at page 696 said the following: "When purchased with community funds, the ownership of the unmatured chose logically belongs to the community, unless it has been irrevocably given away under the terms of the policy, . . . . The proceeds at maturity are likewise community in character, except where the named beneficiary is in fact surviving, in which case a gift of the policy rights to such beneficiary is presumed to have been intended and completed by the death of the insured."

See also 18 Baylor Law Review 627 and Salvato v. Volunteer State Life Insurance Co., 424 S.W.2d 1 (Houston, Tex.Civ.App., 1968, no writ hist.), wherein the court said in effect that the rule above announced is still Texas law as of the date of that opinion—1968.

■ Plaintiff's point of error No. 4 is that the trial court erred in failing to render for plaintiff the money judgment it requested because even if the policy proceeds are the separate property of Mrs. Huttash, then the transfer of the insurance policy rights from community to separate property ownership was a transfer voidable by the plaintiff (a proper creditor) under Section 24.03 of the Texas Business and Commerce Code. We overrule this point.

Article 24.03, Business and Commerce Code, V.A.T.S., provides:

"(a) A transfer by a debtor is void with respect to an existing creditor of the debtor if the transfer is not made for fair consideration, unless, in addition to the property transferred, the debtor has at the time of transfer enough property in this state subject to execution to pay all of his existing debts.

"(b) Subsection (a) of this section does not void a transfer with respect to a subsequent creditor . . . ."

It was agreed that the five policies involved were taken out by Mr. Huttash and were issued to him during the years starting in 1956 and ending in 1959; that each of the five policies named Huttash as the owner and named his wife, Mrs. Huttash, who is defendant here, as beneficiary; and that all such policies were issued to Huttash at a time when he was solvent.

It was further agreed that the funds that gave rise to the creation of Mr. Huttash's debt to the Bank were advanced to Huttash by the Bank between April, 1968, and September, 1970. The April 27, 1971, note executed by Huttash, payable to the Bank, that is here sued on, was given in renewal and extension of the debt that arose from the Bank's 1968 to 1970 advances to Huttash.

In other words the policies here involved were purchased by Huttash and his wife had been named therein by Huttash as beneficiary at least nine years prior to the time that any part of Huttash's debt to the Bank was first incurred.

The Bank contends that even though Huttash purchased the policies and had his wife named therein as beneficiary more than nine years before Huttash incurred the debt here sued on by the Bank that the Bank was still an "existing creditor" as distinguished from a "subsequent creditor" at the time of the gift or transfer within the meaning of Art. 24.03 because the gift (or transfer) of the policy rights to the wife was not actually completed until the death of Huttash, the insured, on May 22, 1971, which was a date several years after the debt sued on had been incurred. The Bank reasons that it was an existing creditor on May 22, 1971, at the time the transfer of the policy rights through gift to the wife was completed by the occurrence of

the death of Huttash and that such transfer is therefore void under the statute because at the time the gift or transfer was thus completed Huttash was then insolvent.

This same contention was made and overruled in the case of Mitchell v. Porter, 349 S.W.2d 785 (Houston, Tex.Civ.App., 1961, ref., n.r.e.). The court there held that since there was no showing that (1) the insured was insolvent at the time the beneficiary in the policy was designated, and (2) that the debt sought to be collected was in existence at the time the policy beneficiary was designated that the transaction was not invalid as being in violation of the Fraudulent Conveyance Statutes. The controlling date in cases such as this is the date of the designation of the beneficiary.

We think this holding sound and follow it. See also in further support of our holding Lane v. Kuehn, 141 S.W. 363 (Texarkana, Tex.Civ.App., 1911, affirmed in 106 Tex. 440, 167 S.W. 804) and Oden v. McAdams, 108 S.W.2d 920 (Waco, Tex. Civ.App., 1937, no writ hist.).

■ In plaintiff's Point of Error No. 5 he contends that even if he is wrong about his other points that the trial court still erred in failing to render judgment for him because he was entitled to it under equitable principles.

We overrule this point for the reason that it has been repeatedly held that a wife's separate property of the type that is involved here (proceeds of an insurance policy on husband's life payable to wife as beneficiary) cannot be subjected to the payment of the debts owed by the community estate of the wife and husband, *unless the policy has been assigned as collateral security for the payment of such debts.* See "Community Property Laws as Applied to Life Insurance," by W. O. Huie, 17 T.L.R. 121 at p. 123 (Note 10); San Jacinto Bldg. v. Brown, 79 S.W.2d 164 (Beaumont, Tex.Civ.App., 1935, writ ref.); Johnson v. Cole, 258 S.W. 850 (Fort Worth, Tex.Civ.App., 1924, no writ hist.); and Farracy v. Perry, 12 S.W.2d 651 (Waco, Tex.Civ.App., 1928, writ ref.).

All of the equities that plaintiff relies upon here were present in the cited cases also, with the exception that here Huttash had told the loan officer at the Bank that he would later bring to the Bank and assign as collateral for the payment of the loan some life insurance policies. Huttash never did assign such policies before his death.

We hold that this additional fact does not change the situation. The rule above announced still applies to this case. The fact remains that the insurance policies were not assigned or pledged as collateral security for the payment of the debt sued on and for this reason the Bank is not entitled to collect the community debt out of the proceeds of these insurance policies which are the separate property of the wife. To hold otherwise would be contra to this established rule of law.

From what we have said it follows that the court did not err in refusing to enjoin the wife from disposing of the proceeds of the policies during pendency of the suit. We therefore overrule plaintiff's Point of Error No. 6.

The judgment is affirmed.