**POPE PHOTO RECORDS, INC.,**
**Appellant,**

v.

**Roberta E. MALONE, Appellee.**

**No. 8682.**

Court of Civil Appeals of Texas,
Amarillo.

July 26, 1976.

Arthur J. Lamb, Amarillo, for appellant.

L. Keith Simmer, Hereford, for appellee.

REYNOLDS, Justice.

A creditor sought to recover the balance of a debt incurred by a deceased husband from the lump sum proceeds of his life insurance received by his surviving widow. The trial court denied recovery. The insurance proceeds became the widow's separate property not shown to be subject to the debt. Affirmed.

When James Pat Malone died on 20 November 1973, eight insurance policies, the beneficiaries of which he had the contractual right to change, were in force on his life. He had gratuitously named his wife, Roberta E. Malone, as the beneficiary of each policy. One of them was issued prior to their marriage and none of its premiums was paid with community funds. The remaining seven policies were issued during the marriage and Mrs. Malone was named the beneficiary at the time each was issued. Six of the seven policies were issued prior to 1 January 1970 and all premiums on them were paid monthly or annually with community funds. The remaining policy was issued on 1 May 1971 in the face amount of $25,000 as an incident to Malone's employment on that date as president of the First National Bank in Hereford, Texas. The bank paid the monthly premium after deducting $15 per month from Malone's salary to apply toward the premium. The proceeds from the eight policies were paid to Mrs. Malone in lump sums aggregating $83,458.27.

Mrs. Malone qualified as the independent executrix of Malone's estate. She filed an inventory and appraisement omitting the insurance proceeds and reflecting that the community debts and claims against the estate exceeded the assets.

During his lifetime on 27 March 1970, James Pat Malone executed, and thereafter made two payments on, his interest bearing promissory note in the principle sum of $9,000 payable on demand to the order of National Litho & Printing Company. The note was transferred and assigned to Pope Photo Records, Inc. Following Malone's death, the balance due on the note was reduced to a judgment against, and a claim was made on, his estate. One payment was made on the debt from the estate assets and, after the assets were exhausted without payment of the debt in full, Pope Photo Records, Inc., proceeded against Roberta E. Malone individually. The suit, from which this appeal stems, sought the recovery of $4,416.73 as the principal due on the debt, together with interest and reasonable attorney's fees.

There was a bench trial. In addition to the development of the foregoing facts, there was testimony by the president of National Litho & Printing Company and sole owner of the stock of Pope Photo Records, Inc., that he made a loan to Malone in order for Malone to pay a bank note placed for collection, and that he had never talked with Mrs. Malone about the existence of the debt. After Malone's death, he referred the note to his attorney to get in touch with Mrs. Malone, who testified that she did not know about the debt until after her husband's death. Mrs. Malone conceded that the community estate was insolvent at the date of her husband's death, but she did

not know when it first became insolvent. There was and is no contention that the estate was insolvent on 27 March 1970, the date of the debt, or on 1 May 1971, the date of the latest insurance policy naming Mrs. Malone as the beneficiary. At the conclusion of the trial, the court, later making and filing findings of fact and conclusions of law, rendered a take-nothing judgment from which Pope Photo Records, Inc., has appealed.

Pope initially contends the trial court erred in legally concluding that the insurance proceeds received by Mrs. Malone are not subject to its debt. It should be observed that presently in Texas when a husband insures his life with community funds, the right to receive the future insurance proceeds is community property in the nature of a chose in action maturing at the death of the husband. Consequently, the matured proceeds are community in character, "except where the named beneficiary is in fact surviving, in which case a gift of the policy rights to such beneficiary is presumed to have been intended and completed by the death of the insured." *Brown v. Lee,* 371 S.W.2d 694, 969 (Tex.1963). The corollary is that by naming the wife the beneficiary, the husband manifests the intent to make a gift to her. Huie, *Community Property Laws as Applied to Life Insurance,* 17 Tex.L.R. 121, 123–24 (1939). Long standing is the coexisting rule that the insurance proceeds she receives at her husband's death are her separate property not subject to the husband's debts unless the proceeds have been assigned as collateral security therefor. *San Jacinto Bldg., Inc. v. Brown,* 79 S.W.2d 164, 166 (Tex.Civ.App., Beaumont 1935, writ ref'd).

From these principles Pope argues that because the gratuitous gift of the insurance proceeds to Mrs. Malone was not completed until Malone's death when the community estate was insufficient to pay the existing debts, the intended gift was voided by § 24.03 of the Texas Business and Commerce Code (1968). Because that statute, as material here, does void a gratuitous transfer of property as to an existing credi-

tor unless at the time of the transfer the debtor has enough property in this state subject to execution to pay all of his existing debts, the argumentative inference is that the insurance proceeds retained their community character, making them liable for the debt.

After an in-depth consideration, the very same argument, made under circumstances strikingly similar to those we review and also in reliance on the "gift . . . is . . . completed by the death of the insured" language in *Brown v. Lee, supra,* was rejected in *Parker Square State Bank v. Huttash,* 484 S.W.2d 429 (Tex.Civ.App., Fort Worth 1972, writ ref'd n.r.e.). The holding indispensable to the rejection was that the controlling date of the transfer meant in V.T.C.A., Bus. & C. § 24.03, was the date the beneficiary was designated. In context, the holding is not, as Pope asserts that it is, in direct conflict with the *Brown v. Lee, supra,* language that the gift is "completed by the death of the insured." At least, the Supreme Court, after reviewing the *Huttash* opinion quoting that language from *Brown v. Lee, supra,* in connection with its consideration of the application for writ of error, did not reverse *Huttash* as it was authorized to do by Rule 483, Texas Rules of Civil Procedure, if the holding were in conflict with the *Brown v. Lee, supra,* decision. See, e. g., Calvert, *Application for Writ of Error,* Appellate Procedure in Texas, § 22.9. Thus, applied here in the absence of any contention that the Malones' community estate was insolvent on or before the last date Mrs. Malone was designated a beneficiary, the *Huttash* holding negates the applicability of V.T.C.A., Bus. & C. § 24.03, to void the gift to Mrs. Malone.

Next, Pope seeks to neutralize the trial court's factual finding that Malone became insolvent on or about 1 November 1973, but presents no point of error that insolvency on an earlier date was established conclusively or as a matter of law. The neutralization is sought as a predicate for an attack on the court's legal conclusion that no portion of the insurance proceeds is

subject to Pope's debt even though a portion of the premiums was paid when Malone was insolvent. The two-prong challenge is viable only if Texas law permits the claimed right of recovery from the proportional part of the proceeds generated by premiums paid from the community when it was insolvent. The challenge is unavailing because it has been settled, again under circumstances similar to those in the case at bar, that Texas law does not sanction such recovery absent fraud in the formation of the insurance contract which is not alleged here. *San Jacinto Bldg., Inc. v. Brown, supra,* at 166–67. The only Texas case which Pope cites for its proposition is *Red River Nat. Bank v. De Berry,* 47 Tex.Civ. App. 96, 105 S.W. 998 (1907, no writ), where that holding is clearly based on a specifically pleaded Arkansas statute exempting from the claims of the husband's creditors only the insurance purchased by premiums not exceeding a set amount annually. The opinion in *San Jacinto Bldg., Inc. v. Brown, supra,* in discussing *De Berry* and stating that it actually is authority for the conclusion reached in *San Jacinto Bldg., Inc. v. Brown, supra,* that Texas law does not allow the husband's creditors to recover from the widow's insurance proceeds attributable to premiums paid during insolvency, points out that there is no like statute in Texas limiting or regulating in any manner the amount one may expend on premiums or that would render such payments transfers of property in fraud of creditors. 79 S.W.2d 166.

Finally, Pope assigns error to the denial of judgment on its theory that its debt is a jointly incurred community debt to which Mrs. Malone's separate property is subject. The § 5.61(a) provision of the Texas Family Code (1975) is that a spouse's separate property is not subject to liabilities of the other spouse unless both spouses are liable by other rules of law. To escape the efficacy of the proviso, Pope proposes the application of the rule of *Cockerham v. Cockerham,* 527 S.W.2d 162 (Tex.1975).

In *Cockerham,* a divorce case, the court subjected the husband's separate property to the debts incurred by the wife in her operation of her business during the marriage when the court found that the husband had impliedly, and to some extent expressly, consented to the establishment of the debts as joint liabilities. There, among other circumstances, the husband advanced the wife the necessary capital for the business inventory, the wife wrote checks on the husband's bank account to pay for merchandise, at least on one occasion the husband wrote a check to pay the operational expenses, and the husband borrowed money to pay some of the business debts which he recognized as his obligations.

But the facts of *Cockerham* are readily distinguishable from the facts before us, and the Supreme Court made it clear in *Cockerham* that an examination of the totality of the circumstances giving rise to the debt is necessary to determine joint liability. Here, Malone incurred the debt at issue to pay his prior bank note. The use made of the money represented by the bank note is merely speculated. It is undisputed that Mrs. Malone did not know of the debt until after her husband's death more than three and one-half years later. The totality of these circumstances, without more, is insufficient to remove the insulation installed by V.T.C.A., Family Code § 5.61(a), to protect Mrs. Malone's separate property from the debt incurred by her husband.

Each facet of Pope's points of error has been considered whether specifically mentioned or not. None of the points presents reversible error.

The judgment is affirmed.