E.W. NEWMAN, Petitioner,

v.

Scott R. LINK, Respondent.

No. 94–0035.

Supreme Court of Texas.

June 22, 1994.

---

Joan M. Denton, Richard N. Countiss, Houston, for petitioner.

John Milutin, Sugar Land, Gwen E. Richard, Warren W. Harris, Houston, for respondent.

**PER CURIAM.**

E.W. Newman asks this Court to reverse the judgment of the court of appeals, 866 S.W.2d 721, upholding a trial court order in a prior proceeding that required him to transfer a portion of his attorneys fees to the guardian ad litem. We earlier denied his application for writ of error and now overrule his motion for rehearing. Res judicata and estoppel prevent the allocation of ad litem costs in the prior proceeding from being properly subject to review in this cause.

Newman represented the father of a child injured in an auto-pedestrian accident. Nearly two years after suit was filed, the Harris County district court appointed Scott R. Link as guardian ad litem for the child. Within a year, the parties reached a structured settlement with an approximate present value of $310,000. At the hearing to approve the settlement, the court awarded Link a fee of $38,080 of which the defendant was to pay $20,000 and Newman was to pay $18,080 from his fee of $103,000.[1] Although present at the hearing, Newman never voiced any objection to this allocation of ad litem costs, nor did he appeal the trial court's judgment. Yet he also never turned over the funds to Link as ordered.

 More than a year after the original hearing on the consent judgment, Newman filed a separate suit seeking an injunction against execution, a declaration that the judgment was null and void as to him, and actual and exemplary damages. The trial court denied relief to Newman and the court of appeals affirmed. We deny Newman's application for writ of error because he has waived any legitimate objection he might have had to the manner in which the trial court handled the attorneys' fees and ad litem costs. An attorney representing a party in a consent judgment is bound by that judgment. *Olive–Sternenberg Lumber Co. v. Gordon*, 138 Tex. 459, 159 S.W.2d 845, 846 (1942). By representing a client in an action in which attorneys fees are requested and awarded, an attorney becomes a party to the judgment. *Roberts v. Roberts*, 144 Tex. 603, 192 S.W.2d 774, 777–78 (1946); *John M. Gillis P.C. v. Wilbur*, 700 S.W.2d 734, 736 (Tex.App.—Dallas 1985, no writ); *cf. Gracia v. RC Cola–7–Up Bottling Co.*, 667 S.W.2d 517, 519 (Tex.1984) (individual identified in pleadings as next friend becomes party bound by consent judgment when obtaining recovery under it). Because Newman represented a party to the consent judgment and received attorneys fees pursuant to that judgment, he was a party and was bound by the order approving and modifying the settlement. His remedy was by objection to the trial court, motion for reconsideration, and direct appeal. *See Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985). Newman availed himself of none of these remedies and therefore cannot now obtain judicial review of the judgment. *See Wilbur*, 700 S.W.2d at 737.

 Moreover, even if Newman were not barred by res judicata from relitigating the terms of the original consent judgment, he nevertheless would be estopped from challenging it because he has voluntarily accepted benefits under it. *See Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950). Not only did Newman receive the $84,920 in attorneys fees to which he was entitled as a result of the consent judgment, but he also took $18,080 which was to be turned over to Link.

Newman's application for writ of error accordingly is denied, and his motion for rehearing is overruled. In denying this application we neither approve nor disapprove of

---

1. In an apparent attempt to clarify the order and urge Newman to obey it, the trial court wrote Newman to tell him that only $84,920 in attorneys' fees to him were approved.

the construction by the court of appeals of Texas Rule of Civil Procedure 141 and section 7.011 of the Texas Civil Practice and Remedies Code.