Opinion issued February 26, 2009



 






In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-00191-CV

____________


DIANA L. KABBANI AND JULIA S. KABBANI, MINOR CHILDREN, AND
TERESA LAUDERDALE, Appellants


V.


IMOGEN S. PAPADOPOLOUS, Appellee






On Appeal from the 281st District Court 

 Harris County, Texas

Trial Court Cause No. 2006-50757






MEMORANDUM OPINION

 Appellants, Diana L. Kabbani and Julia S. Kabbani (minor children) and
their mother, Teresa Lauderdale, appeal from a summary judgment of dismissal,
with prejudice, rendered in favor of appellee, Imogen S. Papadopolous. 
Papadopolous had provided the legal services as guardian and attorney ad litem for
the minor children in divorce proceedings between Lauderdale and the children's
father, Sami Kabbani, In the Matter of Sami Kabbani and Teresa Lauderdale,
Cause No. 2001-18681, in the 308th District Court of Harris County, Texas. The
308th District Court rendered a final judgment in the divorce proceedings on
February 26, 2002, and that judgment became final after neither party appealed. 

 Lauderdale's pleadings in this case allege tortious conduct by Papadopolous
in the divorce case that entitle Lauderdale and her children to compensable
damages in this case. The trial court dismissed Lauderdale's claims by rendering
summary judgment in favor of Papadopolous. Lauderdale challenges the judgment
of dismissal in five points of error that question each of the grounds on which
Papadopolous moved for summary judgment. We affirm.

Factual Background


 Lauderdale married Kabbani on July 8, 1987. Their two minor children
were born on August 29, 1997 and May 1, 2001. In February 2002, Lauderdale
and Kabbani began divorce proceedings in the 308th Judicial District Court of
Harris County, which appointed Papadopolous as attorney and guardian ad litem
for the minor children and, on February 26, 2002, signed a final decree of divorce
that dissolved the marriage and appointed Lauderdale sole managing conservator
of the minor children. Lauderdale and Kabbani were both represented by counsel
in the divorce proceedings.

 The divorce decree of the 308th District Court awarded Papadopolous
$48,758.88 as reasonable and necessary attorney's fees and expenses and recites
that she satisfactorily performed her duties and obligations as required by sections
107.002 and 107.014 of the Family Code. See Tex. Fam. Code Ann. §§ 107.002,
107.014 (Vernon 2002 & Supp. 2008). The decree required that Lauderdale pay
$13,379.44 to Papadopoulos by September 16, 2002. This amount was
approximately half the balance that remained due to Papadopolous under the
decree. The judgment of divorce became final when neither party appealed. 

 Lauderdale did not pay Papadopolous. Instead, she lodged a State-Bar
grievance against her, which was dismissed and affirmed by the Board of
Disciplinary Appeals. Lauderdale then sought relief from the United States
Bankruptcy Court for the Southern District of Texas, where she filed a voluntary
chapter 7 petition seeking to discharge the debt to Papadopolous and an appeal to
the District Court for the Southern District of Texas, which affirmed the
Bankruptcy Court's ruling that the debt to Papadopoulos was nondischargeable. 
Papadopolous sued to enforce the debt in bankruptcy court and recovered a
summary judgment that ordered Lauderdale to pay the balance with interest.

Procedural History


A. Lauderdale's Pleadings

 Lauderdale filed this lawsuit in 2006. Her live pleadings describe her claims
as seeking to recover for 

 [P]rofessional gross negligence, bad faith or malice, breach of
fiduciary duty, neglect, economic and non-economic damages,
declaratory relief, and recovery of excessive and unconscionable legal
fees arising from an attorney-client relationship of [the minor
children] with [Papadopolous] based on [her] appointment as
Guardian/Attorney Ad Litem in [Lauderdale's] divorce proceeding . . . 


Thus grounded in Papadopolous's representing the minor's children as attorney
and guardian ad litem for the minor children in the divorce proceeding,
Lauderdale's pleadings allege the following causes of action: breach of fiduciary
duty; intentional infliction of emotional distress; professional gross negligence, bad
faith, and malice; neglect, and unjust enrichment, on the grounds that the attorney's
fees awarded to Papadopolous in the divorce proceeding are excessive. Lauderdale
also sought a declaratory judgment that Papadopolous's fees were excessive,
unconscionable, and unreasonable. Lauderdale also claimed attorney's fees
incurred in seeking that declaration, in addition to $300,000.00 that she allegedly
incurred in "divorce-related attorney's fees and expenses" resulting from
Papadopolous's representation of the minor children in the divorce proceeding.

B. Papadopoulos's Motion to Dismiss, Answer, and Protective Order

 Papadopolous moved the trial court to dismiss for lack of jurisdiction,
contending that neither the minor children nor Lauderdale had standing to sue. The
trial court did not rule on the motion to dismiss. Papadopolous's answer, filed
subject to the motion to dismiss, encompassed several alternative and affirmative
defenses, including res judicata, limitations, and immunity for her participation in
the divorce proceedings as guardian ad litem for the minor children, in addition to
a claim that Lauderdale lacked standing. Papadopolous requested and obtained a
protective order that preempted discovery pending outcome of her jurisdictional
challenge. 

C. Motion for Summary Judgment by Papadopoulos

 Papadopolous moved for traditional summary judgment on the following
grounds: (1) Lauderdale had no standing, either individually or as next friend for
her minor daughters; (2) the doctrines of res judicata and collateral estoppel barred
Lauderdale's collateral attacks on the final judgment in the divorce proceeding; (3)
as a third-party who lacked privity with Papadopolous, Lauderdale could not sue
Papadopolous as a matter of law; (4) Papadopolous was immune from liability for
her service as attorney ad litem for the minor children; and (5) the two-year statute
of limitations barred Lauderdale's claims. 

D. Lauderdale's Verified Response and Motion for Summary Judgment

 Lauderdale responded by filing her own motion for summary judgment and
a response in which she argued that (1) Family Code section 107.009(b)
established exceptions to the immunity accorded attorneys ad litem and thus
authorized the lawsuit against Papadopolous (1) and (2) a four-year, rather than two-year, statute of limitations controlled her claims. Lauderdale also argued that the
discovery rule applied to toll limitations, and she disputed Papadopolous's pleas in
bar and her challenge to Lauderdale's standing to sue. 

 Lauderdale supported both her reply and her motion for summary judgment
with a sworn affidavit by Lauderdale that included a verification of all "allegations
and facts" in the response and the motion. In addition to other documents,
Lauderdale also provided copies of documents, purportedly from the divorce
proceedings in the 308th District Court, including that court's findings of fact and
conclusions of law, an abstract of the judgment of the divorce decree, and excerpts
from the decree itself; a copy of section 107.009 of the Family Code; and an
"Exhibit Related to Civil Damages" (Exhibit E). 

 Lauderdale's "Exhibit Related to Civil Damages," was a typewritten list,
compiled by an unidentified person, that tracked selected findings of fact and
conclusions of law attributed to the 308th District Court in support of the divorce
decree. This compilation attempted to establish a connection between those
purported findings and conclusions and Lauderdale's claims against Papadopoulos
in this lawsuit. The ostensible purpose of the compilation was to demonstrate that
Family Code section 107.009 authorized Lauderdale's claims in this lawsuit. See
Tex. Fam. Code Ann. § 107.009(a), (b)(1)-(3) (Vernon Supp. 2008) (immunity
and exceptions). Papadopoulos challenged Exhibit E in her reply. 

E. Summary Judgment of Dismissal

 The trial court rendered summary judgment in favor of Papadopolous and
dismissed Lauderdale's claims with prejudice. (2) A hand-written notation to the
summary judgment order sustained Papadopoulos's motion to strike Exhibit E to
Lauderdale's response and motion. 

Standard of Review


 We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). In conducting our review, we indulge every
reasonable inference in favor of the nonmovant, take all evidence favorable to the
nonmovant as true, and resolve any doubts in favor of the nonmovant. Id. A party
who moves for traditional summary judgment based on rule 166a(c), as here, must
establish that no genuine issue of material fact exists, and that it is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c); KPMG Peat Marwick v.
Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999). 

 A defendant who moves for summary judgment on an affirmative defense
must conclusively establish each element of the defense as matter of law, leaving
no disputed issues of material fact. See Garza v. Exel Logistics, Inc., 161 S.W.3d
473, 481 n. 10 (Tex. 2005) (citing Johnson & Johnson Med., Inc. v. Sanchez, 924
S.W.2d 925, 927 (Tex. 1996)). A matter is conclusively established if reasonable
minds cannot differ as to the conclusion to be drawn from the evidence. City of
Keller v. Wilson, 168 S.W.3d 802, 816 (Tex. 2005). Once the movant establishes
an affirmative defense, the burden of production shifts to the nonmovant to present
summary-judgment evidence to defeat the movant's affirmative defense. (3) Palmer
v. Enserch Corp., 728 S.W.2d 431, 435 (Tex. App.--Austin 1987, writ ref'd
n.r.e.); see also Casso v. Brand, 776 S.W.2d 551, 556 (Tex. 1989) (stating that
burden does not shift to nonmovant unless movant establishes defense as matter of
law). A nonmovant can meet her burden of production by presenting evidence that
raises a fact issue on at least one element of an exception or a defense to the
movant's affirmative defense. See Palmer, 728 S.W.2d at 435. 

 When, as here, a summary judgment does not specify the grounds on which
it was granted, the appealing party must demonstrate on appeal that none of the
movant's proposed grounds is sufficient to support the judgment. See Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995). Conversely, we will
affirm the judgment if any one of the theories advanced in the motion for summary
judgment and preserved for appellate review is meritorious. Joe v. Two Thirty
Nine Joint Venture, 145 S.W.3d 150, 157 (Tex. 2004). 

Discussion


 In issues (b) and (d), Lauderdale contends that section 107.009(b) of the
Family Code authorized her to bring the claims she asserted in this lawsuit and to
recover damages from Papadopoulos, see Tex. Fam. Code Ann. § 107.009(b),
and, therefore, that the trial court erred and violated principles of due process by
rendering summary judgment of dismissal in favor of Papadopoulos. Having
concluded that Papadopoulos established that she was entitled to immunity or that
res judicata barred Lauderdale's claims, we disagree.

A. Immunity: Legal Malpractice ("Neglect" and Violation of Professional
Duties) Breach of Fiduciary Duty; Intentional Infliction of Emotional
Distress; Gross Negligence; Bad Faith; and Malice


 In her pleadings and in her response to Papadopoulos's motion for summary
judgment, Lauderdale has consistently argued that section 107.009 of the Family
Code authorized her to bring this lawsuit against Papadopoulos and to recover
damages from her. See Tex. Fam. Code Ann. § 107.009. Papadopoulos, on the
other hand, has consistently claimed that she is entitled to immunity for
representing the minor children in the divorce proceedings, and she moved for
summary judgment, in part, on that basis. 

 Lauderdale's pleadings accuse Papadopoulos of "neglect" and state that she
represented the minor children unsatisfactorily and in dereliction of her
professional duties, to the extent that she "exacerbated and protracted" the divorce
proceedings, and failed to preserve the marital estate for the benefit of Lauderdale
and the minor children, who were thus required to move from their home in
Virginia to Houston "against their will." 

 Chapter 107 of the Family Code governs "Special Appointments and Social
Studies." See Tex. Fam. Code Ann. § 107.001-.056 (Vernon Supp. 2008). 
Pursuant to section 107.009(a), which is entitled "Immunity," a guardian ad litem,
attorney ad litem, or amicus attorney appointed under chapter 107 "is not liable for
civil liability for an action taken, a recommendation made, or an opinion given" in
that capacity. On its face, section 107.009(a) provides immunity to Papadopoulos
for Lauderdale's claims for civil damages for actions taken by Papadopoulos,
recommendations she made, or opinions given by her, in her service as attorney ad
litem for the minor children in the divorce proceedings. See id. § 107.009(a). (4) 
Section 107.009(a) thus renders Papadopoulos immune from Lauderdale's claims
for damages that are premised on allegations of legal malpractice by Papadopoulos,
which Lauderdale characterized as "neglect" and violations of professional duties. 
See id.

 Section 107.009(b) provides an exception to a claim of immunity by a
guardian or attorney ad litem or amicus attorney appointed on behalf of a minor
child, as follows:

 Subsection (a) does not apply to an action taken, a recommendation
made, or an opinion given:


 (1) with conscious indifference or reckless disregard to the safety of
another;

 (2) in bad faith or with malice; or

 (3) that is grossly negligent or willfully wrongful.


Tex. Fam. Code Ann. § 107.009(b). The statute thus provides that a claim of
immunity controls unless the action taken, recommendation made, or opinion
given was performed with conscious indifference to, or reckless disregard of, the
safety of another; in bad faith or with malice; or was grossly negligent or willfully
wrongful. See id. § 107.009(a)-(b).

 1. Papadopoulos Met Her Burden as Movant 

 In moving for summary judgment on the ground of immunity, Papadopoulos
relied on her appointment as attorney ad litem for the minor children in the divorce
proceedings, as well as the terms of the divorce decree, which acknowledge that
service, award her reasonable and necessary attorney's fees for that service, and
recite that she satisfactorily performed that service. 

 Papadopoulos also referred to Lauderdale's pleadings, which focus
exclusively on and affirmatively state that her claims arise "from an attorney-client
relationship of [the minor children] with [Papadopolous] based on [her]
appointment as Guardian/Attorney Ad Litem in [Lauderdale's] divorce
proceeding." See Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 568
(Tex. 2001) ("Assertions of fact, not plead in the alternative, in the live pleadings
of a party are regarded as formal judicial admissions.") (quoting Houston First Am.
Sav. v. Musick, 650 S.W.2d 764, 767 (Tex. 1983)). 

 Papadopoulos thus demonstrated that (1) Lauderdale's claims against her
derive solely from Papadopoulos's status as appointed attorney ad litem for the
minor children in the divorce proceedings in the 308th District Court and that (2)
Lauderdale premised her right to recover from Papadopoulos on the exceptions,
stated in subsection 107.009(b) of the Family Code, to the immunity to which
Papadopoulos was otherwise entitled based on that status. Having demonstrated,
in accordance with subsection 107.009(a) of the Family Code, that Lauderdale's
claims for damages in this lawsuit derive from and challenge the service that
Papadopoulos provided as attorney and guardian ad litem in the divorce
proceedings, Papadopoulos conclusively established that she was entitled to
immunity, as a matter of law, for that service. See Tex. Fam. Code Ann. §
107.009(b). 

 Accordingly, Papadopoulos met her preliminary burden as movant, to
establish her affirmative defense of immunity. See Garza, 161 S.W.3d at 481 n. 10
(citing Johnson & Johnson Med., Inc., 924 S.W.2d at 927); City of Keller, 168
S.W.3d 802. Consequently, the burden of production shifted to Lauderdale to
defeat that showing through summary judgment evidence that raised a fact issue to
defeat at least one element of Papadopoulos's affirmative defense of immunity. 
See Casso, 776 S.W.2d at 556; Palmer, 728 S.W.2d at 435. 

 2. Lauderdale Did Not Meet Her Burden of Production

 In her response to the motion for summary judgment, Lauderdale relied on
her pleadings and claimed that they tracked the "conscious indifference or reckless
disregard," "bad faith or with malice," and "grossly negligent or willfully
wrongful" criteria of section 107.009(b) of the Family Code. Therefore,
Lauderdale argued, Papadopoulos's actions "fall within . . . criteria . . . to hold a
guardian/attorney ad litem appointed by a family court liable for damages" and
therefore warrant an exception to the immunity claimed by Papadopoulos. See
Tex. Fam. Code Ann. § 107.009(a), (b)(1)-(3) (immunity and exceptions).

 Like other statutes enacted to establish immunity, however, the provisions of
section 107.009(b) do not create a cause of action on which a claimant may state a
claim for relief. See In re Tex. Dep't of Transp., 218 S.W.3d 74, 78 (Tex. 2007)
(stating that provisions of Tort Claims Act regarding traffic and road-control
devices do not create cause of action) (construing Tex. Civ. Prac. & Rem. Code
Ann. § 101.060)); City of Houston v. Vargas, 193 S.W.3d 143, 146 (Tex.
App.--Houston [1st Dist.] 2006, pet. denied) ("The Supreme Court of Texas has
held that 'the Tort Claims Act does not create a cause of action; it merely waives
sovereign immunity as a bar to a suit that would otherwise exist.'") (quoting City
of Tyler v. Likes, 962 S.W.2d 489, 494 (Tex. 1997)). Section 107.009 (b) thus
operates to limit, in the circumstances listed, the immunity that a guardian or
attorney ad litem or amicus attorney is otherwise entitled to claim under section
107.009(a). 

 We may not, therefore, construe Lauderdale's argument as contending that
she stated a claim, but, rather, as contending that she invoked section 107.009(b)'s
exceptions to the affirmative defense of immunity conclusively established by
Papadopoulos's motion for summary judgment. To defeat Papadopoulos's
showing and meet her burden of production, Lauderdale had to present competent
summary judgment evidence that raised a triable issue of fact on at least one
element of the immunity defense. See Casso, 776 S.W.2d at 556; Palmer, 728
S.W.2d at 435. Therefore, Lauderdale had to present evidence, sufficient to raise
an issue of fact to defeat Papadopoulos's claim of immunity, that, while serving as
attorney ad litem for the minor children in the divorce proceedings in the 308th
District Court, Papadopoulos took an action, made a recommendation, or gave an
opinion 

 (1) with conscious indifference or reckless disregard to the safety
of another;

 (2) in bad faith or with malice; or

 (3) [in a manner that was] grossly negligent or willfully wrongful
conduct.


See Tex. Fam. Code Ann. § 107.009(b). 


 In her response to Papadopoulos's motion for summary judgment,
Lauderdale referred principally to her pleadings to argue that she had invoked the
section 107.009(b) criteria in her pleadings. Having examined the specific causes
of action that Lauderdale alleged and having construed her pleadings "so as to do
substantial justice," see Tex. R. Civ. P. 45 (concluding sentence), we agree that she
invoked the section 107.009(b) criteria through six of her claims, specifically, her
claims that Papadopoulos breached a fiduciary duty by gross negligence or with
conscious indifference or malice, intentionally inflicted emotional distress, or
committed professional gross negligence, bad faith, and malice. 

 Lauderdale triggered allegations of "willfully wrongful conduct," see Tex.
Fam. Code Ann. § 107.009(b)(3), through her assertions that Papadopoulos
breached a fiduciary duty by gross negligence or with conscious indifference or
malice and intentionally inflicted emotional distress, because both torts involve
intentional, rather than negligent, conduct. See Kimleco Petroleum, Inc. v. 
Morrison & Shelton, 91 S.W.3d 921, 923 (Tex. App.--Fort Worth 2002, pet.
denied) (stating that breach of fiduciary duty addresses lack of "integrity and
fidelity" by attorney and occurs, for example, when attorney subordinates client's
interests to her own, retains client's funds, uses confidences by the client
improperly, takes advantage of client's trust, engages in self-dealing, or makes
misrepresentations); Goffney v. Rabson, 56 S.W.3d 186, 193-94 (Tex.
App.--Houston [14th Dist.] 2001, pet. denied) (noting that claim for breach of
fiduciary duty involves allegations of self-dealing, deception, or misrepresentations
that go beyond mere negligence); Thomas v. Collins, 960 S.W.2d 106, 112 (Tex.
App.--Houston [1st Dist.] 1997, pet. denied) ("The elements of intentional
infliction of emotional distress are (1) the defendant acted intentionally and
recklessly, (2) the conduct was extreme and outrageous, (3) the defendant's actions
caused the plaintiff emotional distress, and (4) the plaintiff's emotional distress
was severe.") (citing Twyman v. Twyman, 855 S.W.2d 619, 621-22 (Tex. 1993)). 

 Lauderdale's claims that Papadopoulos committed professional gross
negligence, bad faith, or malice directly triggered the exception for grossly
negligent conduct in section 107.009(b)(3). See Tex. Fam. Code Ann. §
107.009(b)(3). 

 Lauderdale's pleadings thus invoke, in part, the exceptions to the statutory
immunity granted guardians and attorneys ad litem under section 107.009(b) of the
Family Code. See id. But, as well-settled law provides, with exceptions that do
not apply here, pleadings are not competent summary-judgment evidence, even if
they are verified. Laidlaw Waste Sys. v. City of Wilmer, 904 S.W.2d 656, 660
(Tex. 1995); Hidalgo v. Surety Sav. & Loan Ass'n, 462 S.W.2d 540, 543-44 (Tex.
1971). Lauderdale cannot rely on her pleadings, therefore, to claim that she met
her burden of production.

 Lauderdale also supported her response to Papadopoulos's motion for
summary judgment with a document in the form of an affidavit in which she
attempted to verify the truth and correctness of all "allegations and facts" in the
response and in her own motion for summary judgment. Though taking the form
of an affidavit, Lauderdale's verification did not constitute summary judgment
evidence under Tex. R. Civ. P. 166a(e), but, rather, amounted to nothing more than
a verified responsive pleading, which we must necessarily reject as competent
summary-judgment evidence. Webster v. Allstate Ins. Co., 833 S.W.2d 747, 749
(Tex. App.--Houston [1st Dist.] 1992, no writ) (citing Hidalgo, 462 S.W.2d at
545); Keenan v. Gibraltar Sav. Ass'n, 754 S.W.2d 392, 394 (Tex. App.--Houston
[14th Dist.] 1988, no writ)). 

 In addition, we must also exclude from consideration Lauderdale's Exhibit
E, a compilation offered to substantiate her claims in this lawsuit. The trial court
sustained Papadopoulos's objection to Exhibit E, and Lauderdale has not
challenged that ruling on appeal. 

 Lauderdale's remaining summary-judgment exhibits consisted of portions of
the divorce decree of the 308th District Court, an abstract of the judgment of that
decree, and a newspaper article relating to crowded dockets of the Harris County
Family Courts. Though the decree granted Lauderdale the right to appear as next
friend for the minor children in this lawsuit, this, without more, does not give rise
to an issue for the trier of fact to dispute an element of Papadopoulos's
conclusively established claim of immunity under Tex. Fam. Code Ann. §
107.009(a), in response to Lauderdale's claims that Papadopoulos breached her
fiduciary duty, intentionally inflicted emotional distress, or committed professional
gross negligence, bad faith, or malice. Accordingly, Papadopoulos was entitled to
prevail by summary judgment on the basis of immunity for those claims, as
provided by section 107.009(a) of the Family Code. 

 We overrule the portions of Lauderdale's issues (b) and (d) that rely on the
exceptions to the immunity accorded Papadopoulos by Tex. Fam. Code Ann. §
107.009(a).

B. Res Judicata: Excessive, Unconscionable Fees; Unjust Enrichment;
Overreaching; Indigence 


 Lauderdale's issues (b) and (d) also encompass subsidiary arguments that
challenge Papadopoulos's summary-judgment contention that the finality doctrines
of res judicata and collateral estoppel bar this lawsuit, which constitutes an
impermissible collateral attack on the final judgment in the divorce proceedings.

 The doctrine of estoppel by judgment encompasses both claim preclusion,
also known as res judicata, and issue preclusion, also known as collateral estoppel. 
Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992). Res judicata
prevents splitting a cause of action and is intended to bring finality to litigation and
to promote judicial economy. Jeanes v. Henderson, 688 S.W.2d 100, 103 (Tex.
1985). Res judicata, or claim preclusion, bars a second action by parties and their
privies on matters actually litigated in a previous suit, as well as claims that,
"'through the exercise of diligence, could have been litigated in a prior suit.'" 
Hallco Texas, Inc. v. McMullen County, 221 S.W.3d 50, 58 (Tex. 2007) (quoting
Getty Oil Co. v. Ins. Co. of N. Am., 845 S.W.2d 794, 799 (Tex. 1992) (quoting
Barr, 837 S.W.2d at 631 (adopting "transactional approach" of Restatement
(Second) of Judgments § 24 (1982)). 

 Under the transactional approach to res judicata, claims arising out of the
same subject matter must be litigated in a single lawsuit at the risk of bar in a
subsequent lawsuit. Hallco Texas, Inc., 221 S.W.3d at 58 (citing Barr, 837 S.W.2d
at 631). Res judicata promotes the finality of judgments and thus "serves vital
public interests." Hallco Texas, Inc., 221 S.W.3d at 58. (5) By preventing needless,
repetitive litigation, res judicata "advance[s] the interest[s] of the litigants (who
must pay for each suit), the courts (who must try each suit), and the public (who
must provide jurors and administration for each suit)." Id.; see also, Citizens Ins.
Co. of Am. v. Daccach, 217 S.W.3d 430, 449 (Tex. 2007) ("The doctrine seeks to
bring an end to litigation, prevent vexatious litigation, maintain stability of court
decisions, promote judicial economy, and prevent double recovery.") (citing Barr,
837 S.W.2d at 629; Jeanes, 688 S.W.2d at 105). When res judicata bars
relitigation, a judgment is not only final as to the matters actually determined, but
is also final as to all other matters that the parties might have litigated. See
Daccach, 217 S.W.3d at 449 (stating that transactional approach to res judicata
analyzes facts "that make up the gist of the claims in the earlier litigation without
regard to the form of the action") (quoting Barr, 837 S.W.2d at 630). 

 1. Elements of Res Judicata

 To prevail on her affirmative defense of res judicata, Papadopolous had to
establish (1) a prior final judgment on the merits by a court of competent
jurisdiction; (2) identity of parties or those in privity with them; and (3) a
subsequent action based on the same claims that were raised or could have been
raised in the first action. Id. (citing Amstadt v. United States Brass Corp., 919
S.W.2d 644, 652 (Tex. 1996)). In applying the transactional approach to determine
whether a later lawsuit arises from the same claims as an earlier lawsuit, we
analyze the facts "that make up the gist of the claims in the earlier litigation
without regard to the form of the action." Id. (quoting Barr, 837 S.W.2d at 630). 
Our analysis is pragmatic, in that it gives "'weight to such considerations as
whether the facts are related in time, space, origin, or motivation, whether they
form a convenient trial unit, and whether their treatment as a trial unit conforms to
the parties' expectations or business understanding or usage.'" Id. (quoting Barr,
837 S.W.2d at 631 (quoting Restatement (Second) of Judgments § 24(2)
(1982)).

 2. Papadopoulos Met Her Burden as Movant 

 a. Prior Judgment: Papadopoulos relied on the August 16, 2002 decree in
the divorce proceedings in the 308th District Court to satisfy this element. That
judgment recites the 308th District Court's express finding that Papadopoulos, as
guardian and attorney ad litem for the minor children, "performed her duties and
obligations . . . required [by sections 107.002 and 107.014[ (6)]] of the . . . Family Code in her service to the Court, and in the best interest of the
[minor children]." Based on that finding, the 308th District Court ordered that
Papadopoulos had, "in the best interest of the [minor] children, satisfactorily
performed her duties" as guardian and attorney ad litem for the minor children, "all
as set out in §107.002 and §107.014 of the Texas Family Code." (7) The orders of the
308th District Court's decree are further reflected in the "judgment rendered"
portion of the decree. 

 It is undisputed that no party appealed the 308th District Court's August 12,
2002 decree in the divorce proceedings, which, therefore, became a final judgment
by operation of law. See Tex. R. Civ. P. 329b(d), (f). We hold that Papadopoulos
properly relied on the August 16, 2002 judgment to establish the first element of
her defense of res judicata--a prior final judgment on the merits by a court of
competent jurisdiction.

 b. Identity of Parties: Though not a party to the divorce proceedings at the
outset, see Tex. Fam. Code Ann. § 107.002(a) (Vernon 2008), Papadopoulos
became a party to the judgment after representing the minor children in those
proceedings and requesting and obtaining attorney's fees and expenses incident to
that representation. See Newman v. Link, 889 S.W.2d 288, 289 (Tex. 1994);
Hadnot v. Wenco Distrib., 961 S.W.2d 232, 236 (Tex. App.--Houston [1st Dist.]
1997, no writ). Papadopoulos properly claimed party status as a party to the
judgment and thus met the second element of her res-judicata affirmative defense. 

 c. New Action for Claims Asserted or Assertable in Divorce Action: In
support of her motion for summary judgment on the ground of res judicata, 
Papadopoulos argued that Lauderdale's claims in this lawsuit derive from claims
that were raised or could have been raised in the divorce proceedings and are
therefore barred by res judicata as a matter of law. 

Claims Actually Asserted and Resolved by Divorce Decree: Excessive,
Unconscionable Fees, Unjust Enrichment, and Overreaching


 The decree of the 208th District Court mandated that Papadopoulos recover
attorney's fees deemed by that court to have been reasonably and necessarily
incurred in performing the duties required of her by section 107.002 and former
section 107.014 of the Family Code, as guardian and attorney ad litem, both in
service to the court and in the best interest of the minor children, which duties
Papadopolous had "satisfactorily performed." 

 Despite these express recitals, Lauderdale's pleadings in this case alleged
that the fees awarded to Papadopoulos were neither necessary nor reasonable, but,
rather, so "excessive" and "unconscionable" that they amounted to "overreaching"
and resulted in unjust enrichment of Papadopoulos. 

 On their face, Lauderdale's claims, that Papadopoulos charged "excessive"
and "unconscionable" fees that amounted to "overreaching" and resulted in unjust
enrichment of Papadopoulos, conflict with and contradict the express findings and
rulings recited in the decree of the 308th District Court. That decree and its
mandate specified that Papadopoulos recover attorney's fees and expenses deemed
reasonable and necessary by that court, for representation that Papadopoulos had
satisfactorily performed, in compliance with the Family Code, as required by the
308th District Court, and in the best interest of the minor children. 

 We hold, therefore, that Papadopoulos met her preliminary burden, as
movant, to establish her affirmative defense that res judicata barred Lauderdale's
claims that Papadopoulos charged excessive and unconscionable fees or was
unjustly enriched.

Claim that Lauderdale Could Have Asserted, but Did Not: Indigence


 Lauderdale's pleadings in this case also include allegations that she was
indigent during the divorce proceedings and thus has no liability for the attorney's
fees and expenses that Papadopoulos affirmatively sought and was awarded in the
divorce decree for her work as guardian and attorney ad litem for the minor
children, but which Lauderdale has not paid as required by the decree. Because
Lauderdale could have claimed that she was indigent during the divorce
proceedings, but apparently did not, Papadopoulos met her preliminary summary
judgment burden, as movant, to establish that res judicata barred Lauderdale's
assertion of indigency in this case. See Newman, 889 S.W.2d at 289. In Newman,
the supreme court affirmed a holding that res judicata precluded a new lawsuit that
sought to set aside the portion of a judgment that awarded attorney's fees to a
plaintiff's counsel, but required that counsel pay a portion of those fees to a
guardian ad litem. Id. Having failed to object, move for reconsideration, or appeal
the judgment, and having thus "waived any legitimate objection he might have had
to the manner in which the trial court handled the attorneys' fees and ad litem
costs," counsel was bound by the terms of the judgment. Id. 

 We hold, therefore, that Papadopoulos met her preliminary burden, as
movant, to establish all elements of her affirmative defense that res judicata barred
Lauderdale's claims that she was indigent during the divorce proceedings and that
Papadopoulos charged excessive and unconscionable fees or was unjustly enriched. 
See Garza, 161 S.W.3d at 481 n. 10 (citing Johnson & Johnson Med., Inc., 924
S.W.2d at 927); City of Keller, 168 S.W.3d 802. Consequently, the burden of
production shifted to Lauderdale to defeat that showing through summary
judgment evidence that raised a fact issue to defeat at least one element of
Papadopoulos's affirmative defense of res judicata. See Casso, 776 S.W.2d at 556;
Palmer, 728 S.W.2d at 435. 

 2. Lauderdale Did Not Meet Her Burden of Production

 Lauderdale had to produce summary judgment evidence that raised a fact
issue on an element of the affirmative defense of res judicata asserted by
Papadopoulos. See Casso, 776 S.W.2d at 556; Palmer, 728 S.W.2d at 435. 
Accordingly, Lauderdale had to raise an issue of fact regarding one of the
following elements: (1) a prior final judgment on the merits by a court of
competent jurisdiction, here the 308th District Court; (2) identity of parties or those
in privity with them; or (3) that Lauderdale filed this subsequent action based on
the same claims that she raised or could have been raised in the first action. See id.
(regarding Lauderdale's burden of production); Daccach, 217 S.W.3d at 449
(regarding elements of res judicata). 

 As noted above, in response to Papadopoulos's motion for summary
judgment, Lauderdale relied improperly on her own pleadings, a verification that
the trial court properly rejected as nothing more than a verified pleading, and an
exhibit (Exhibit E) to which the trial court sustained an objection by Papadopoulos,
which Lauderdale has not challenged on appeal. None of these documents
constitutes competent summary judgment evidence that we may consider in
deciding whether Lauderdale met her burden of production to raise a fact issue
regarding Papadopoulos's alternative affirmative defense of res judicata. 

 Lauderdale's remaining summary-judgment exhibits, consisting of portions
of the divorce decree of the 308th District Court, an abstract of the judgment of
that decree, and a newspaper article relating to crowded dockets of the Harris
County Family Courts, contain no competent summary-judgment evidence that
raises a fact issue on any element of the res judicata affirmative defense. Again,
though the divorce decree granted Lauderdale the right to appear as next friend for
the minor children in this lawsuit, this, without more, is not evidence that raises an
issue for the trier of fact on any of the elements of res judicata. 

 In responding to Papadopoulos's motion, Lauderdale argued that the divorce
decree shows, on its face, that the 308th District Court did not resolve the claims
that Lauderdale has asserted against Papadopoulos in this proceeding. As
demonstrated in our analysis of whether Papadopoulos met her preliminary burden
to establish all elements of her claim of res judicata under the mandated
transactional approach that controls our analysis, see Daccach, 217 S.W.3d at 449,
the face of the decree, without more, neither compels Lauderdale's argument as a
matter of law nor raises a fact issue on any element of Papadopoulos's
conclusively established affirmative defense. See Casso, 776 S.W.2d at 556;
Palmer, 728 S.W.2d at 435. (8) 

 Regarding Lauderdale's newly asserted claim that she is indigent, nothing in
the record of this appeal shows or suggests that Lauderdale claimed she was
indigent in the divorce proceedings in the 308th District Court. Having failed to
claim indigency in those proceedings, despite Papadopoulos's undisputed request
for attorney's fees and expenses for which Lauderdale could be responsible at least
in part and for which the 308th District Court held her responsible in part as a
matter of law, Lauderdale is estopped by the divorce decree, under principles of res
judicata, to assert that claim now. See Newman, 889 S.W.2d at 289. 

 We hold that Lauderdale failed to meet her burden of production to raise
competent summary-judgment evidence of a fact issue to defeat Papadopoulos's
conclusively established affirmative defense that res judicata barred Lauderdale's
claims of excessive and unconscionable fees or unjust enrichment, as well as her
newly asserted claim of indigence. We hold, therefore, that Lauderdale's
allegations in this regard improperly attempted to assert a second action on matters
that were "actually litigated" or that could have been litigated in the divorce
proceedings. Therefore, res judicata bars these claims as a matter of law. Hallco
Texas, Inc., 221 S.W.3d at 58; Getty Oil Co., 845 S.W.2d at 799; Barr, 837 S.W.2d
at 631.

 We overrule the remaining contentions, raised in support of Lauderdale's
issues (b) and (d), that challenge the trial court's having rendered summary
judgment in favor of Papadopoulos on the ground of res judicata.

 We have concluded, through our analysis of Lauderdale's issues (b) and (d),
that Papadopoulos was entitled to prevail by summary judgment on all of
Lauderdale's claims, whether based on immunity principles, under section
107.009(a) of the Family Code, or based on principles of res judicata, under the
transactional approach that controls our analysis. Because these theories fully
support the summary judgment rendered in favor of Papadopoulos, we need not
address Lauderdale's issue (e), in which she challenges Papadopoulos's summary
judgment contention that Lauderdale lacked standing to bring this lawsuit. See
Joe, 145 S.W.3d at 157.

 We overrule issue (e).

Remaining Issues not Preserved


 In issue (a), Lauderdale argues that the trial court erred by rendering
summary judgment "in the absence of relevant discovery requested by
[Lauderdale] for which the trial court provided [Papadopoulos] a protective order." 
The record reflects that Lauderdale filed her discovery requests with the petition
she filed on August 15, 2006. Papadopoulos filed her motion to dismiss for lack of
jurisdiction on September 15, 2006, along with an answer made subject to that
motion. A hearing on the motion to dismiss was set for October 16, 2006, but
Papadopoulos moved for a protective order on October 6, 2006 and requested
expedited submission of that motion, on the grounds that her responses to
discovery were due before the scheduled hearing. The trial court granted the
protective order on October 11, 2006, and the hearing on the motion to dismiss was
reset to October 30, 2006. 

 Lauderdale filed her answer to the motion to dismiss on October 25, 2006. 
Her answer did not include a challenge to the protective order granted to
Papadopoulos. Likewise, Lauderdale did not file a separate challenge to the
protective order or otherwise request relief from that order. Having thus failed to
preserve her complaint regarding the protective order in the trial court, Lauderdale
waived any complaint in this Court. See Tex. R. App. P. 33.1(a)(1).

 We overrule issue (a).

 In issue (c), Lauderdale argues that the trial court erred by "failing to
consider presence of and/or arguments by Amicus Curiae, Justice for Children as
Friend of the Court." Though the record contains a motion requesting that relief,
nothing in the record indicates that the trial court ruled on the motion. 
Accordingly, Lauderdale did not preserve her complaint. See Tex. R. App. P.
33.1(a)(2).

 We overrule issue (c). 

Conclusion


 We affirm the judgment of the trial court.


 


 Sherry Radack


 Chief Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.
1. See Tex. Fam. Code Ann. § 107.009(a), (b)(1)-(3) (Vernon Supp. 2008) (immunity
and exceptions).
2. The trial court did not rule on Lauderdale's motion for summary judgment, and
Lauderdale does not challenge the trial court's ruling striking Exhibit E.
3. Only the burden of production shifts; the burden of proof remains with the movant to
negate any issues raised by the nonmovant and to establish conclusively its
entitlement to summary judgment as a matter of law. See Zale Corp. v. Rosenbaum,
520 S.W.2d 889, 891 (Tex. 1975). 
4. In a "nonsubstantive" amendment that became effective on September 1, 2005, the
Legislature added the words, "action taken" to the statute. See Act of May 27, 2003,
78th Leg., R.S., ch. 262, § 1, sec. 107.009, 2003 Tex. Gen. Laws 1173, 1179,
amended by Act of May 12, 2005, 79th Leg., R.S., ch. 172, § 7, sec. 107.009, 2005
Tex. Gen. Laws 322, 325 (current version at Tex. Fam. Code Ann. § 107.009
(Vernon 2008)).
5. A cause of action is not new and independent when maintaining it would violate
established finality doctrines or constitute an impermissible collateral attack on a
judgment. See Browning v. Prostok, 165 S.W.3d 336, 345 (Tex. 2005). Because the
law favors finality of judgments, collateral attacks are generally precluded. See id.
(citing Tice v. City of Pasadena, 767 S.W.2d 700, 703 (Tex. 1989) (quoting Crouch
v. McGaw, 138 S.W.2d 94, 96 (Tex. 1940)). 
6. Section 107.002 of the Family Code addresses the " Powers and Duties of Guardian
ad Litem for Child" and states,


 (a) A guardian ad litem appointed for a child under this chapter is not a party to the
suit but may:


 (1) conduct an investigation to the extent that the guardian ad litem considers
necessary to determine the best interests of the child; and

 (2) obtain and review copies of the child's relevant medical, psychological,
and school records as provided by Section 107.006.


 (b) A guardian ad litem appointed for the child under this chapter shall:


 (1) within a reasonable time after the appointment, interview:

 (A) the child in a developmentally appropriate manner, if the child is four
years of age or older;

 (B) each person who has significant knowledge of the child's history and
condition, including any foster parent of the child; and

 (C) the parties to the suit;

 (2) seek to elicit in a developmentally appropriate manner the child's expressed
objectives;

 (3) consider the child's expressed objectives without being bound by those
objectives;

 (4) encourage settlement and the use of alternative forms of dispute resolution; and

 (5) perform any specific task directed by the court.


 (c) A guardian ad litem appointed for the child under this chapter is entitled to:


 (1) receive a copy of each pleading or other paper filed with the court in the case
in which the guardian ad litem is appointed;

 (2) receive notice of each hearing in the case;

 (3) participate in case staffings by an authorized agency concerning the child;

 (4) attend all legal proceedings in the case but may not call or question a witness
or otherwise provide legal services unless the guardian ad litem is a licensed
attorney who has been appointed in the dual role;

 (5) review and sign, or decline to sign, an agreed order affecting the child; and

 (6) explain the basis for the guardian ad litem's opposition to the agreed order if
the guardian ad litem does not agree to the terms of a proposed order.


 (d) The court may compel the guardian ad litem to attend a trial or hearing and to
testify as necessary for the proper disposition of the suit.


 (e) Unless the guardian ad litem is an attorney who has been appointed in the dual role
and subject to the Texas Rules of Evidence, the court shall ensure in a hearing or in
a trial on the merits that a guardian ad litem has an opportunity to testify regarding,
and is permitted to submit a report regarding, the guardian ad litem's
recommendations relating to:


 (1) the best interests of the child; and

 (2) the bases for the guardian ad litem's recommendations.


 (f) In a nonjury trial, a party may call the guardian ad litem as a witness for the
purpose of cross-examination regarding the guardian's report without the guardian ad
litem being listed as a witness by a party. If the guardian ad litem is not called as a
witness, the court shall permit the guardian ad litem to testify in the narrative.


 (g) In a contested case, the guardian ad litem shall provide copies of the guardian ad
litem's report, if any, to the attorneys for the parties as directed by the court, but not
later than the earlier of:


 (1) the date required by the scheduling order; or

 (2) the 10th day before the date of the commencement of the trial.


 (h) Disclosure to the jury of the contents of a guardian ad litem's report to the court
is subject to the Texas Rules of Evidence.


 Tex. Fam. Code Ann. § 107.002 (Vernon Supp. 2008). Section 107.002 incorporates
parts of repealed section 107.014. See Act of June 18, 2003, 78th Leg., R.S., ch. 262,
§ 1, 2003 Tex. Gen. Laws 1181.
7. The decree of the 308th District Court in the divorce proceedings further recites that
court's express finding that Padadopoulos, as guardian and attorney ad litem for the
minor children, had "incurred as necessaries the Court-approved sum of $48,758.88
in reasonable and necessary [guardian and attorney ad litem] fees and expenses during
the pendency of [the divorce proceedings]." In accordance with that finding, the
decree ordered that Papadopolous had incurred the $48,758.88 amount awarded as
reasonable and necessary guardian and attorney ad litem fees "as necessaries for the
benefit of the minor children" and that Lauderdale was to pay $13,374.44 of the total
amount awarded to Papadopoulos by September 16, 2002 "as additional child support
for the safety and welfare of the children."
8. Similarly, the face of the divorce decree, without more, does not raise an issue of fact
to defeat Papadopoulos's affirmative defense of immunity, as addressed above.